## STANDARD ACC. INS. CO. v. KING CANDY CO.

No. 15046.

Court of Civil Appeals of Texas.
Fort Worth.

May 20, 1949.

Rehearing Denied June 17, 1949.

Lucian Touchstone and W. Richard Bernays, both of Dallas, for appellant.

Cantey, Hanger, McKnight & Johnson and Nat. J. Harben, all of Fort Worth, for appellee.

## McDONALD, Chief Justice.

Appellee sued appellant to recover losses totalling $2784.79 claimed to be covered by a policy of burglary and theft insurance issued by appellant. Appellant admitted liability for a part of the loss and denied liability for the remainder. The issues on appeal are narrowed to the question of liability for loss of certain money and jewelry which belonged to five employees of appellee which were taken in the burglary in question from three lock boxes located in the value on appellee's premises.

The clauses of the policy which control the disposition of this appeal read as follows:

"The insured property may be owned by the assured or held by him in any capacity whether or not the assured is liable for such loss or damage as is covered hereby. * * *"

"The assured shall keep records in such manner that the company can accurately determine therefrom the amount of loss. * * *"

The latter quoted, clause is what is often referred to as a "record warranty" clause. Appellant argues that recovery as to the disputed items should be denied because, (1) there was a breach by appellee of the record warranty clause, (2) there was no competent proof to support the judgment rendered allowing recovery for the disputed items, and (3) the property of the employees in the lock boxes was not held by appellee in such manner as to be covered by the policy.

The vault on appellee's premises was some eight by ten feet in size, with a heavy steel door. Inside the vault was a steel cabinet which contained a number of small steel boxes, each of which had a separate lock on it. For many years it had been the practice of appellee to allow some of the old employees to use some of these boxes. The employee would keep the only key to the box, and would be the only person having access to the box assigned to him. Money and jewelry taken from three of these boxes are involved on this appeal.

One of the boxes was used by J. C. Smith. For several years there had been a practice among appellee's employees, which the evidence is sufficient to show was at least to some degree sponsored by appellee, of participating in a savings program. J. C. Smith would receive collections each week from the employees, would temporarily place the money collected in the lock box which he used, and would later deposit the money in a single bank account designated "King Candy Employees." Smith kept the record of these collections, and the evidence justifies a finding that such record should be treated as a record kept by appellee, within the meaning of the record warranty clause of the policy. Appellant has admitted liability and has made payment for $416 of such money that was taken from the box in the burglary. There is a dispute between the parties with reference to an additional $100 which was taken from the box. Appellee contends that this $100 was money belonging to Smith which he had deposited, like other employees had done, with himself as custodian of the savings fund. Appellant contends that the record shows that the $100 was Smith's personal funds, and was not a part of the money which had been placed in the savings fund. We shall not set out in detail the evidence bearing on this matter. We have carefully examined the record and the arguments set out in the briefs, and hold that the evidence is sufficient to show that Smith had put the $100 into the savings fund and had made entries showing such fact in the records which he kept as custodian of the fund. Recovery for the $100 was properly allowed by the trial court.

Smith also had in his box $200 which belonged to Mrs. Kincaid, an employee of appellee, and $125 which belonged to Miss Shurbet, another employee. Neither of these sums was paid to him by way of participating in the savings program, but were simply delivered to him for safekeeping by said persons. Neither appellee nor J. C. Smith had any record of any kind showing these transactions, although Smith testified that he had placed the money in envelopes, with the name of the owner written thereon, and he thought perhaps that he had also written on the envelopes the amount each contained.

R. F. McNemer, another employee, used one of the boxes, and had some of his jewelry in it, for the loss of which recovery was sought and judgment was rendered by the trial court. Miss Failor, another employee, had some jewelry in a box which she used. Recovery was sought and judgment was rendered for the loss of her jewelry.

Appellant denies liability for the loss of the $200 belonging to Mrs. Kincaid, the $125 belonging to Miss Shurbet, and the jewelry belonging respectively to Mr. McNemer and Miss Failor, on the three grounds set out in the early part of the opinion.

As already said, appellee had no record of the money in J. C. Smith's box belonging to Mrs. Kincaid and Miss Shurbet, nor did it have any kind of record of the jewelry in Mr. McNemer's box and in Miss Failor's box. Nor did J. C. Smith, McNemer or Miss Failor have any record of the contents of their respective boxes now under discussion, whether or not this would be material.

We do not agree with appellee's suggestion that the envelopes containing the money belonging to Mrs. Kincaid and Miss Shurbet, with their names written thereon by Smith, and possibly the amounts of the money therein, constituted the sort of records which the policy required appellee to keep with respect to property covered by the policy.

Appellee argues that the record warranty clause was not intended to cover property such as the jewelry owned by McNemer and Miss Failor. Appellee argues that the record warranty clause was intended to apply only to situations involving a changing stock of merchandise. We have carefully examined the decisions cited by appellee, and many other authorities as well, and can find nothing in them to support these two contentions.

Appellant has cited many cases where the failure of the insured to keep proper records, some of them involving fire losses, some losses from theft, has precluded a recovery on the policy. They are all to the same effect, and we shall cite only a few. Merchants & Manufacturers' Lloyd's Ins. Exchange v. Southern Trading Co., Tex.Com.App., 229 S.W. 312; American Ins. Co. v. Davis, Tex.Civ.App., 77 S.W.2d 278; McPherson v. Camden Fire Ins. Co., Tex.Com.App., 222 S.W. 211; Philadelphia Underwriters Agency v. Driggers, 111 Tex. 392, 238 S.W. 633; Rives v. Fire Association of Philadelphia, Tex.Civ.App., 77 S.W. 424, writ ref.

The employees' property in the lock boxes might have been covered by the policy if appellee had kept records pertaining thereto as required by the policy, but it did not do so, and recovery for the loss of such property cannot be sustained.

The judgment of the trial court is reformed by reducing the recovery allowed appellee in the amount of $1078.75, said sum being the aggregate of amounts allowed for loss of the $200 belonging to Mrs. Kincaid, the $125 belonging to Miss Shurbet, the $322.25 jewelry loss sustained by Miss Failor, and the $431.50 jewelry loss sustained by Mr. McNemer.

The only item which we have held appellant bound to pay, over and above that which it offered to pay and tendered into the trial court, is the $100 belonging to J. C. Smith, which he claimed he had put into the savings fund. It is ordered that the costs incurred in the trial court and on appeal be taxed as follows, one-fourth against appellant and three-fourths against appellee.

Judgment reformed accordingly, and as reformed, affirmed.