**HENSLEY ENTERPRISES, INC., Appellant,**

**v.**

**GREAT SOUTHWEST FIRE INSURANCE, Appellee.**

**No. 4638.**

Court of Civil Appeals of Texas, Eastland.

July 13, 1973.

Bill W. Bailey, DeSota, for appellant.

Thompson, Coe, Cousins, Irons & Porter, Robert B. Cousins, Jr., Dallas, for appellee.

McCLOUD, Chief Justice.

This is a suit by Hensley Enterprises, Inc., against Great Southwest Fire Insurance Company, on an insurance policy covering loss of money resulting from robbery. The jury found in answer to special issues that the liquor store in question was robbed and $5,276.15 was taken, but failed to find that the insured kept proper records. The court entered judgment for defendant and plaintiff has appealed. We affirm.

Plaintiff first argues that Special Issue No. 3, the proper records issue, was an immaterial issue and does not provide a finding of fact which will support a judgment for defendant.

The policy provision in question provides:

"BOOKS AND RECORDS: The insured shall keep records of all the insured property in such a manner that the company can accurately determine therefrom the amount of loss."

The purpose of such provision was discussed in Security National Fire Insurance Company v. Schott Drug Company, 133 Tex. 559, 129 S.W.2d 632 (Tex.Com.App. 1939) where the Court said:

"Briefly stated, the object of the clause is to facilitate the *ascertainment* of the extent of the loss and prevent the perpetration of fraud by the assured as to the *quantum* and *value* of the goods destroyed."

The Court approved the following quote from 39 A.L.R. 1443:

"The purpose of the clause is accomplished when the insured keeps his books in such a manner as to constitute a record of business transactions which a person who is of ordinary intelligence, and who is accustomed to accounts can understand, and from which he can ascertain the amounts and value of the merchandise at the time of the loss."

Special Issue No. 3 asked:

"Do you find from a preponderance of the evidence that Jay's Liquor Store kept records of the insured property in such a manner that the Great Southwest Fire Insurance Company could accurately determine therefrom the amount of loss."

The jury answered: "We do not."

The thrust of plaintiff's argument is that the burden of proof was on defendant to

**744**

prove that plaintiff failed to keep proper books and records, and the jury's refusal to find that they were so kept would not help defendant. Plaintiff relies upon Houston Fire and Casualty Insurance Company v. Howell, 484 S.W.2d 582 (Tex.Sup.1972) and C & R Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.Sup. 1966). In each of the cited cases the Court was concerned with the failure of a party to carry its burden of proving a fact. Here the burden of proof was clearly placed on plaintiff in Special Issue No. 3. Plaintiff argues, however, that defendant had the burden of proving that plaintiff failed to comply with the policy provision.

█ We do not reach the point of who should have had the burden of proof because plaintiff in Special Issue No. 3 accepted the burden and neither party filed any objections to the court's charge. The rule is well established that where no objection is made to a defective submission of a controlling issue and judgment is rendered thereon, the judgment will not be reversed because the failure to object is considered as a waiver of the defective submission. Allen v. American National Insurance Company, 380 S.W.2d 604 (Tex. Sup.1964); Cartwright v. Minton, 318 S. W.2d 449 (Tex.Civ.App.—Eastland, 1958, writ ref'd n. r. e.).

Plaintiff argues further that Special Issue No. 3 was an immaterial issue and the trial court should have granted its motion to disregard the issue. We disagree. The Court in C & R Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.Sup.1966) stated:

"... if a finding upon the issue claimed to be immaterial could if made, or does as made, create a fatal conflict with other findings *or otherwise affect the legal significance of the verdict* and hence the judgment to be entered, *the issue is material* and must not be ignored."

█ We hold that Special Issue No. 3 was a material issue and plaintiff waived any objection it might have had as to the placing of the burden of proof by not objecting to the court's charge. Plaintiff's first point is overruled.

Plaintiff next contends there was no evidence or alternatively, insufficient evidence, to support the jury's finding to Special Issue No. 3. The controversy centers principally around plaintiff's position that part of the money taken in the robbery was loaned to the store by J. D. Selman. Prior to the robbery, none of the store's books or records revealed the existence of the loan from Selman.

At the trial two notes were introduced totalling $6,000.00, payable to Selman, and signed by Hensley as manager of the store. Selman testified the two notes were given to him by Hensley and represented $6,000.00 in cash which he had loaned to the store. The store's accountant testified that he did not know about the $6,000.00 loan until after the robbery. Also, the store records revealed a discrepancy of approximately $400.00 between the amount of the loss as determined on the night immediately after the robbery and the calculation of the loss contained in the weekly report filed at the end of the week following the robbery. No explanation was given for this discrepancy.

█ The notes held by Selman were extraneous material and the insured could not rely upon such material to prove compliance with the record-keeping requirement. Merchants' and Manufacturers' Lloyd's Insurance Exchange v. Southern Trading Company of Texas, 229 S.W. 312 (Tex.Com.App.1921). The rule to be followed was stated in American Insurance Company v. Davis, 77 S.W.2d 278 (Tex. Civ.App.-Eastland, 1934, no writ) as follows:

"The nature and character of books, records, etc., stipulated for in the record

**745**

clause is aptly stated in 24 Tex.Jur. p. 1002, as follows: 'The books themselves must reasonably and fairly afford the data contracted for; resort may not be had to extraneous sources for supplying this data with respect to matters essential to a substantial compliance.' "

In Standard Accident Insurance Company v. King Candy Company, 221 S.W.2d 349 (Tex.Civ.App.-Fort Worth, 1949, no writ), the insured permitted employees to keep their personal money and valuables in separate lock drawers in the company safe. No record was kept by the insured of the employees' property in each individual drawer. The Court said:

"The employees' property in the lock boxes might have been covered by the policy if appellee had kept records pertaining thereto as required by the policy, but it did not do so, and recovery for the loss of such property cannot be sustained."

None of the store's books or records revealed a loan of $6,000.00 from Selman until after the robbery. No record kept by the store showed that the $6,000.00 in cash was on the premises. The weekly cash report compiled at the close of the last business day before the robbery showed only $537.92 in cash brought forward. Furthermore, the discrepancy in the amount of loss was unexplained. We hold that there was some evidence to support the jury's finding to Special Issue No. 3. Also, we have carefully reviewed all the evidence and in accordance with the rule announced in In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951), hold that the evidence was not factually insufficient to support the jury's finding to Special Issue No. 3. Plaintiff's second and third points are overruled.

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.