**STATE FARM GENERAL INSURANCE COMPANY, Relator,**

v.

**Honorable Monte D. LAWLIS, Judge, Respondent.**

No. 09–89–064 CV.

Court of Appeals of Texas, Beaumont.

June 22, 1989.

Clint W. Lewis, Beaumont, for relator.

Sid S. Stover, Jasper, for real party in interest.

OPINION

PER CURIAM.

Relator, State Farm General Insurance Company, filed this original petition for writ of mandamus complaining of The Honorable Monte D. Lawlis, Judge of the 1–A Judicial District Court of Tyler County, Texas, arising from an order denying Relator's plea in abatement.

Troy and Dorothy Caldwell filed suit against Relator alleging that Relator failed

to pay under the terms of their home-owners policy after the covered structure was destroyed by fire, and alleging bad faith settlement practices. Relator filed a plea in abatement alleging that the policy contained express conditions precedent to recovery regarding production of records and submission of the insured to examination under oath. Relator alleged that the examination had been requested and scheduled on numerous occasions and that the Caldwell's attorney had cancelled the examinations. The Caldwells contend they have substantially complied with the policy requirement by submitting Troy Caldwell to a four-hour recorded interview with Relator's adjuster. This interview was neither sworn nor subscribed.

The insurance policy reads as follows: "If loss occurs ... the Insured shall ... if requested by the Company, submit to examination under oath and subscribe the same."

The policy further states: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with...."

 Insurance policy provisions requiring the insured's submission to examination under oath as a condition precedent to sustaining a suit on the policy are valid. *Philadelphia Underwriters' Agency v. Driggers*, 111 Tex. 392, 238 S.W. 633 (1922). The insurer's proper remedy to enforce the condition precedent is abatement rather than bar. *Humphrey v. National Fire Ins. Co.*, 231 S.W. 750 (Tex.Comm'n App.1921, jdgmt adopted). Relator exercised its contractual right to require an oral examination under oath and there is no evidence that this right was ever waived. Therefore, abatement of the suit is proper and Relator's petition for mandamus is conditionally granted. Only if the trial court fails to grant the plea in abatement within thirty days will mandamus issue.