In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-122 CV


____________________



IN RE FOREMOST COUNTY MUTUAL INSURANCE COMPANY 


AND JIM DOLAND 






Original Proceeding






OPINION 


 This mandamus proceeding arises from an insurance company's denial of a fire loss
claim made under a homeowner's insurance policy. The company denied the policyholder's
claim after he refused to submit to an examination under oath. The company sought an
abatement of the underlying suit to obtain the examination. After the trial court denied the
company's plea in abatement, the company petitioned this Court for a writ of mandamus. 
The primary questions we must resolve are whether the trial court abused its discretion in
refusing to abate the case and whether relators have an adequate appellate remedy. For the
reasons stated below, we conditionally grant the writ of mandamus. 

 Foremost County Mutual Insurance Company insured Kenneth Whitney's mobile
home and its contents through a "mobilowner's policy." A fire destroyed Whitney's mobile
home and Foremost ultimately denied Whitney's claim. Whitney filed suit against relators,
Foremost and Jim Doland (jointly referred to as "Foremost"). In his petition against the
company, Whitney alleges breach of contract and violations of the Texas Insurance Code and
Texas Deceptive Trade Practices Act ("DTPA"); against Doland, Whitney alleges DTPA
violations. Foremost contends that Whitney's suit is improper because he failed to comply
with the policy's conditions precedent that required him to submit to an examination under
oath ("EUO") prior to filing suit. 

 In the first two weeks after a fire destroyed Whitney's mobile home on November 25,
2003, several events occurred. Whitney notified Foremost about the loss on the day of the
fire. The next day, November 26, Doland inspected the site and Whitney authorized the
release of his financial and employment records. On December 8, 2003, thirteen days after
the fire, Foremost sent Whitney a "reservation-of-rights" letter stating that "a potential
coverage issue" existed and reserving Foremost's right to assert all terms and provisions of
the policy. The letter further disclaimed Foremost's intent to waive any of its rights or
defenses and explained that Foremost's "preliminary investigation in conjunction with cause
& origin experts indicate the fire cause may not be of a[n] accidental nature. Please note the
investigation of this loss is continuing." In its letter, Foremost also asked Whitney to fully
cooperate with the Company's investigation. 

 In January 2004, Foremost continued its investigation. On January 9, 2004,
approximately six weeks after the fire, Foremost told Whitney it was still investigating and
requested that Whitney provide additional documents, namely "the completed property
summary sheets along with any receipts for additional living expense." Around January 22,
2004, Doland received the final report from the cause and origin investigator and a report
from investigators reviewing Whitney's financial status. From those reports, Doland
concluded that arson may have been the cause of the fire and that Whitney, because of his
proximity to the fire, was the most likely suspect. Doland requested his supervisor to
approve the taking of Whitney's EUO. 

 In February, Foremost began its attempts to schedule Whitney's EUO. On February
17, 2004, Foremost's outside counsel asked Whitney directly for his EUO. On February 26,
2004, after learning that Whitney had retained counsel, Foremost's outside counsel asked
Whitney's counsel for assistance in scheduling the EUO. Whitney refused and informed
Foremost that it had waived its right to obtain the examination.

 After Whitney declined to cooperate, Foremost ultimately denied coverage and
Whitney filed suit. Because the trial court denied Foremost's plea in abatement, Foremost
filed its petition for writ of mandamus. Foremost contends the trial court abused its
discretion by not abating the underlying suit to allow Foremost to examine Whitney under
oath as provided by the policy's conditions precedent. Foremost further contends that it has
no adequate remedy by appeal. 

 The policy includes the following paragraphs:

 PART IV - CONDITIONS


 All obligations of the Company under this policy are subject to the
performance by the Insured of the following conditions:


 A. General Conditions Applicable to Both Parts of the Policy

 . . .

 4. Assistance and Cooperation. The Insured and any person interested
in or claiming any benefit under this policy shall cooperate with the Company
and, upon the Company's request, assist in making settlements, in the conduct
of suits, and in enforcing any right of contribution, indemnity or recovery
against any person or organization who may be liable for any injury, damage
or loss with respect to which insurance is afforded under this policy.


 5. Proof of Loss. The Insured or someone in his behalf shall file proof
of loss with the Company within 91 days after the occurrence of the loss,
unless such time is extended in writing by the Company and upon the
Company's request, exhibit the damaged property to duly authorized
representatives of the Company, and submit to and subscribe examinations
under oath conducted by anyone designated by the Company, produce for the
Company's examination all pertinent papers, documents and records (or
certified copies thereof, if originals be lost), permitting copies thereof to be
made by or on behalf of the Company all at such reasonable times and places
as the Company from time to time may designate . . . .


 . . .


 8. Action Against the Company. No payment shall be due by the
Company under this policy and no action shall lie against the Company unless,
as a condition precedent thereto, the Insured shall have fully complied with all
of the terms of this policy, nor until 30 days after proof of loss is filed and that
amount of loss is determined as provided in this policy. . . .

 

 When we interpret an insurance policy, we employ the rules of contract construction. 
American Mfrs. Mut. Ins. Co. v. Schaefer, 124 S.W.3d 154, 157 (Tex. 2003). "If policy
language is worded so that it can be given a definite or certain legal meaning, it is not
ambiguous and we construe it as a matter of law. . . ." Schaefer, 124 S.W.3d at157(citations
omitted). If a contract is not ambiguous, the words used in the contract are to be given their
ordinary meaning. See Puckett v. U.S. Fire Ins. Co., 678 S.W.2d 936, 938 (Tex.1984). For
an event to constitute a "condition precedent" under a contract, the contract must provide that
the event shall "happen or be performed before a right can accrue to enforce an obligation."
Centex Corp. v. Dalton, 840 S.W.2d 952, 956 (Tex.1992). 

 Paragraph IV A. 5. of Whitney's insurance policy provides that a claimant, upon the
company's request, shall "submit to and subscribe examinations under oath conducted by
anyone designated by the Company. . . ." Paragraph IV A. 8. provides that "no action shall
lie against the Company unless, as a condition precedent thereto, the Insured shall have fully
complied with all of the terms of this policy. . . ."(emphasis added). These policy provisions
clearly require Whitney to provide an EUO upon the Company's request and to do so before
filing suit. Policy terms requiring a policyholder to submit to an EUO before filing suit are
valid as we previously determined in State Farm General Ins. Co. v. Lawlis, 773 S.W.2d 948,
949 (Tex. App.--Beaumont 1989, no writ). See also Philadelphia Underwriters' Agency v.
Driggers, 111 Tex. 392, 238 S.W. 633 (1922).

 However, Whitney argues that Foremost waived its right to obtain his EUO because
Foremost's request was untimely. Whitney contends that Foremost was required to tell him
it wanted an EUO within fifteen days after Foremost received notice of his claim. Whitney
bases his waiver argument on article 21.55 of the Texas Insurance Code ("Code") as well as
certain policy provisions. 

 Article 21.55 of the Texas Insurance Code, entitled, "Prompt Payment of Claims,"
requires that, within fifteen days of receiving a claim notice, an insurer shall: "(1)
acknowledge receipt of the claim; (2) commence any investigation of the claim; and (3)
request from the claimant all items, statements, and forms that the insurer reasonably
believes, at that time, will be required from the claimant. Additional requests may be made
if during the investigation of the claim such additional requests are necessary." Tex. Ins.
Code Ann. art. 21.55 (Vernon Supp. 2005).

 The plain language of the statute negates Whitney's "fifteen day " waiver argument.
Under the statute, the company may request additional information after the fifteen day
period expires. While the company must begin investigating a claim and request initially
required information from the claimant within fifteen days of receiving a claim notice, the 
statute also allows the company to request additional information that becomes necessary
during the course of the investigation. Thus, Whitney's argument ignores the statutory
language allowing the insurer to make additional requests for information "if during the
investigation of the claim such additional requests are necessary." Art. 21.55 § 2(a)(3).

 The EUO's usefulness is not at issue as Whitney does not contest that it would have
assisted the investigation. Foremost contends it reasonably determined it needed more
information, namely the EUO, to finish investigating Whitney's claim. In addition, 
Foremost asserts it decided to seek an EUO after the final cause and origin report made it
necessary to rule out Whitney as a suspect. Logically, Whitney's EUO would provide
information pertinent to this determination. 

 Whitney's waiver argument also ignores certain statutory language regarding the
statute's purpose, which is to promote prompt payment of insurance claims. Art. 21.55 § 8. 
Thus, an insurer who violates article 21.55 does not risk waiver of contractual rights, as
urged by Whitney, but rather risks incurring penalties and attorney's fees for unduly
delaying the payment of a valid claim. See Breshears v. State Farm Lloyds, 155 S.W.3d 340,
344-45 (Tex. App.--Corpus Christi 2004, pet. denied); Art. 21.55. 

 Whitney urges us to find that an insurer who does not request an EUO within fifteen
days of receiving a claim waives the right to obtain an EUO. This construction would not
be based on the statute's language and would be unintended by the legislature. See Nat'l
Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000)(legislative intent is
determined from statute's plain and common meaning); see Art. 21.55. Whitney cites no
cases, nor have we found any, in which an appellate court has determined that a 21.55
violation results in a waiver of contractual rights. We find Foremost did not waive its right
to seek an EUO by virtue of its alleged violations of the Insurance Code.

 Whitney also contends Foremost waived its rights under the policy to obtain
Whitney's EUO. Policy provision Part V, paragraph C.1. contains the fifteen day limit upon
which Whitney relies and is entitled "The Company's Duties After Loss." The paragraph
states: 

 1. Within 15 days after the Company receives the insured's written
notice of claim , the Company must:


 a. acknowledge receipt of the claim.

 If the Company's acknowledgment of the claim is not in
writing, the Company will keep a record of the date,
method and content of the Company's acknowledgment. 

 b. begin any investigation of the claim.


 c. specify the information the insured must provide in
accordance with the Conditions and Provisions of this
policy.

 

 The Company may request more information, if during the
investigation of the claim such additional information is
necessary.


 Whitney asserts that construing the policy to allow Foremost to request additional
necessary information would be an unreasonable construction that would render the fifteen
day rule "meaningless" and violate the rules of contract construction. However, the policy
requirement for Foremost to "specify the information the insured must provide" within
fifteen days after the company receives notice of the claim is a "general rule." The exception
to this general rule is the policy provision that allows the company to request additional
necessary information that it may need to reasonably investigate claims. Texas courts have
long recognized that exceptions place limitations on general rules or provisions. See
Reliance Ins. Co. v. Naman, 6 S.W.2d 743, 745, (Tex. 1928)(an exception "is something
taken out of the instrument, whether statute, grant, or contract"). Here, the exception does
not render the general rule "meaningless;" instead, it provides for an instance in which the
"fifteen day" rule does not apply. If no additional information is necessary, then the general
rule of the policy - the fifteen day rule- applies. 

 Here, the policy language "is worded so that it can be given a definite or certain legal
meaning" and, thus, is not ambiguous. Schaefer, 124 S.W.3d at157. The language clearly
allows the company to seek additional necessary information after the expiration of the
fifteen day period. "When construing the policy's language, we must give effect to all
contractual provisions so that none will be rendered meaningless." Id. We do not isolate a
single phrase, sentence, or provision and consider it apart from other policy provisions. See
Forbau v. Aetna Life Ins. Co., 876 S.W.2d 132, 133 (Tex. 1994). Whitney's interpretation
of the policy recognizes only the general rule - the fifteen day rule - and renders the
exception meaningless. 

 Moreover, the law on waiver is well established. As explained by the Texas Supreme
Court:

 Waiver is defined as "an intentional relinquishment of a known right or
intentional conduct inconsistent with claiming that right." Waiver is largely
a matter of intent, and for implied waiver to be found through a party's actions,
intent must be clearly demonstrated by the surrounding facts and
circumstances. There can be no waiver of a right if the person sought to be
charged with waiver says or does nothing inconsistent with an intent to rely
upon such right. Waiver is ordinarily a question of fact, but when the
surrounding facts and circumstances are undisputed, as in this case, the
question becomes one of law. 


Jernigan v. Langley, 111 S.W.3d 153, 156-57 (Tex. 2003)(citations omitted). Applying
Jernigan, we determine Whitney's contractual waiver argument as a matter of law. 

 Here, the "surrounding facts and circumstances" pertinent to Whitney's waiver-by-delay argument are undisputed. Id. The parties do not dispute that Foremost made its
request to obtain Whitney's EUO more than fifteen days after receiving notice of his loss or 
that Foremost also sent Whitney a letter specifically disclaiming any intent to waive its
rights or defenses. Further, the record shows that Foremost waited to make a decision about
whether to seek Whitney's EUO until after it received the cause and origin report around
January 24. The parties agree that Foremost first requested Whitney's EUO on February 17,
approximately three weeks after receiving the report and eighty-four days after the fire. We
find that Foremost, by waiting until February to determine whether to request Whitney's
EUO in a claim possibly involving arson, did "nothing inconsistent with an intent to rely
upon" its right to obtain the examination. Id. Accordingly, we find as a matter of law that
Foremost did not waive its contractual right to take Whitney's EUO. 

 Having determined the waiver question in Foremost's favor, we now consider whether
the trial court erred in refusing to grant abatement to allow Foremost to obtain Whitney's
EUO. We find the trial court erred. We previously decided this question in State Farm
General Ins. Co. v. Lawlis, 773 S.W.2d 948, 949 (Tex. App.--Beaumont 1989, no writ). 
Relying on Philadelphia Underwriters' Agency v. Driggers, 111 Tex. 392, 238 S.W. 633
(1922) and Humphrey v. National Fire Ins. Co., 231 S.W. 750 (Tex. Comm'n App. 1921,
judgm't adopted), we said in Lawlis that "[i]nsurance policy provisions requiring the
insured's submission to examination under oath as a condition precedent to sustaining a suit
on the policy are valid. The insurer's proper remedy to enforce the condition precedent is
abatement rather than bar. Relator exercised its contractual right to require an oral
examination under oath and there is no evidence that this right was ever waived." Lawlis, 
773 S.W.2d at 949 (citations omitted). In Lawlis, we conditionally granted the company's
petition for mandamus and provided that it would be issued only if the trial court failed to
grant abatement. Id. 

 Lawlis controls here. Just as in Lawlis, Whitney's policy required him to submit to
an EUO as a condition precedent to filing suit and Whitney failed to do so. Thus, under
Lawlis, Foremost's proper remedy is abatement and mandamus will issue to enforce that
remedy. Id.

 Relying on In re Allstate County Mut. Ins. Co., 85 S.W.3d 193 (Tex. 2002) and Abor
v. Black, 695 S.W.2d 564 (Tex.1985), Whitney asserts that abatement is improper. Allstate
involved an automobile insurance appraisal provision. Allstate, 85 S.W.3d at 195. While
finding that the trial court's denial of appraisal was error and subject to mandamus, the
Allstate Court also stated that "the failure to grant the motion to abate is not subject to
mandamus. In any event, the proceedings need not be abated while the appraisal goes
forward." Id. at 196 (footnotes omitted). In Abor, the trial court denied the plaintiff's
request for abatement of a declaratory judgment action. Abor, 695 S.W.2d at 565. The Abor
Court declined to issue a writ of mandamus "to supervise or correct incidental rulings of a
trial judge" because the plaintiff had an adequate appellate remedy. Id. at 566-67. The Court
noted that "incidental rulings" included those on pleas in abatement. Id. at 567.

 But both Allstate and Abor are distinguishable. Neither case involved a dispute for
which abatement was the established remedy. Here, to the contrary, abatement has long been 
the established remedy to enforce an EUO clause. See Philadelphia Underwriters' Agency
v. Driggers, 111 Tex. 392, 238 S.W. 633 (1922); Humphrey v. National Fire Ins. Co., 231
S.W. 750 (Tex. Comm'n. App.1921, judgm't adopted).

 To be entitled to mandamus relief, Foremost must meet two requirements. It must
show that (1) the trial court committed a clear abuse of discretion and (2) it has no adequate
remedy by appeal. In re Ford Motor Co., 165 S.W.3d 315, 317 (Tex. 2005)(citing In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004); Walker v. Packer, 827
S.W.2d 833, 839 (Tex.1992)). 

 Regarding the first requirement, the Walker Court explained that a trial court abuses
its discretion if "'it reaches a decision so arbitrary and unreasonable as to amount to a clear
and prejudicial error of law'" or if it clearly fails to correctly analyze or apply the law.
Walker, 827 S.W.2d at 839, 840 (quoting Johnson v. Fourth Court of Appeals, 700 S.W.2d
916, 917 (Tex.1985)). Further, a trial court does not have the discretion to make an
erroneous legal conclusion even in an unsettled area of law. See Huie v. DeShazo, 922
S.W.2d 920, 927-28 (Tex. 1996). Here, the trial court improperly accepted Whitney's
statutory and contractual waiver arguments regarding Foremost's right to take Whitney's
EUO. As a result, the trial court erred when it declined Foremost's request to abate the
underlying suit. See Walker, 827 S.W.2d at 840; see Lawlis, 773 S.W.2d at 949. Foremost,
thus, has established the first mandamus prong.

 Regarding "no adequate remedy by appeal," the Prudential Court recently
acknowledged that this second requirement "has no comprehensive definition." Prudential,
148 S.W.3d at 136. In granting mandamus relief to enforce contractual jury waivers, the
Court explained that determining whether a party has an adequate remedy by appeal requires
a "careful balance of jurisprudential considerations" that involves both "public and private
interests." Id. When "the benefits [of mandamus review] outweigh the detriments,"
appellate courts must consider whether the appellate remedy is adequate. Id. "[W]hether an
appellate remedy is 'adequate' so as to preclude mandamus review depends heavily on the
circumstances presented and is better guided by general principles than by simple rules." Id. 
at 137. 

 The Prudential Court concluded that mandamus review of interlocutory rulings would
be appropriate for "significant rulings in exceptional cases." Such review could be "essential
to preserve important substantive and procedural rights . . ., allow the appellate courts to give
needed and helpful direction to the law that would otherwise prove elusive in appeals from
final judgments, and spare private parties and the public the time and money utterly wasted
enduring eventual reversal of improperly conducted proceedings." Prudential, 148 S.W.3d
at 136.

 Here, the public interest factor in granting mandamus and abatement is strong. An
insurer has the duty to reasonably investigate a claim. See State Farm Fire & Cas. Co. v.
Simmons, 963 S.W.2d 42, 47 (Tex. 1998). "The scope of the appropriate investigation [by
the insurance company] will vary with the claim's nature and value and the complexity of
the factual issues involved." Id. at 44-45. Enforcing EUO clauses allows the company to
conduct a more thorough investigation before it must make a determination on accepting or
rejecting a claim. Had Foremost been allowed to take Whitney's EUO and complete its
investigation, Foremost may have determined Whitney was not a suspect and paid the claim
without the expense and time-loss involved with litigation. On the other hand, Foremost
might have discovered that the fire was intentionally set by its insured, justifying it in a
subsequent decision to deny the claim.

 Here, the mandamus remedy is important to preserve the insurer's contractual right
to obtain an EUO prior to suit, a right long recognized in Texas. By requiring abatement to
allow Foremost to obtain Whitney's EUO, we "spare private parties and the public the time
and money utterly wasted enduring eventual reversal of improperly conducted proceedings."
Prudential, 148 S.W.3d at 136.

 Accordingly , we find that the trial court has no discretion to deny abatement to allow
Foremost to take Whitney's examination under oath and that Foremost has no adequate
remedy on appeal. Accordingly, we conditionally grant Foremost's petition for writ of
mandamus. We trust the trial court will comply with this opinion; the writ will issue only
if it fails to do so.

 WRIT CONDITIONALLY GRANTED. 


 PER CURIAM


Submitted on May 19, 2005

Opinion Delivered August 11, 2005

Before McKeithen, C.J., Gaultney and Horton, JJ.