**Opinion issued February 24, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00989-CV

———————————

## IN RE ALLIED TRUST INSURANCE COMPANY, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator Allied Trust Insurance Company (ATIC) filed a petition for writ of mandamus challenging the trial court's order denying a motion to abate the underlying lawsuit until Real-Party-in-Interest Ashante Parker provides requested documents and submits to an examination under oath (EUO).[1]  ATIC argues

---

[1]    The underlying case is *Ashante Parker v. Allied Trust Insurance Company*, Cause No. 2025-37736, in the 333rd District Court of Harris County, Texas, the Honorable Tamika Craft-Demming presiding.

abatement is mandatory because providing the documents and submitting to an EUO are conditions precedent to Parker filing suit under the subject homeowner's insurance policy. ATIC requests that our Court compel the trial court to (1) vacate its order denying the motion to abate and grant the abatement, and (2) order Parker to produce the requested documents and sit for an EUO in the format ATIC asserts is required under the policy. Based on the specific facts and posture of this case, we deny the petition.

## **Background**

The underlying dispute concerns a homeowner's insurance policy ATIC issued to Parker. Section I – CONDITIONS of the policy contains a "Duties After Loss" provision that provides:

> In case of a loss to covered property, we have no duty to provide coverage under this Policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage or a representative of either:
>
> ***
>
> e. Cooperate with us in the investigation of a claim;
>
> ***
>
> g. As often as we reasonably require:
>
> ***
>
> (2) Provide us with records and documents we request and permit us to make copies; and provide to us or execute an authorization which allows us to obtain on your behalf, records and documentation we deem relevant to the investigation of your loss; and
>
> (3) You, any "insured" and any one you hire in connection with your claim, must:

2

(a) Submit to examinations under oath and recorded statements, while not in the presence of any other "insured" However, if you are a minor, a parent or guardian may be present; and

(b) sign the same[.]

The "Suit Against Us" provision in the policy further provides:

1. Except as provided in Paragraph 2, no suit or action can be brought against us unless there has been full compliance with all of the terms under Section I of this Policy[.]

2. With respect to suits brought in connection with claims for loss caused by windstorm or hail in the catastrophe area, as defined by the Texas Insurance Code:

   No action can be brought against us unless there has been compliance with all of the terms of this Policy[.]

In May 2024, Parker—through her public adjuster, J.R. Hogan—filed an insurance claim with ATIC alleging tornado damage to her house. After Parker filed her claim, ATIC emailed Hogan multiple requests for documentation regarding the claim, apparently with little response.

In October 2024, ATIC emailed Hogan, again requesting documentation and advising that its legal counsel would contact Hogan to set up Parker's EUO. ATIC's counsel emailed Hogan requesting documentation and scheduling Parker's EUO for October 18, 2024. Hogan responded that the EUO needed to be rescheduled and that Parker would like it to occur via Zoom but without explaining why. ATIC's counsel replied by asking if October 25, 2024 worked and stating that the EUO needs to take place in-person and that Hogan would not be permitted to attend the EUO under the terms of the policy. A series of emails followed, with ATIC re-noticing

the EUO twice. ATIC's counsel took a certificate of nonappearance when Parker failed to appear for the EUO.

Thereafter, Parker's legal counsel sent a letter of representation and notice of claim to ATIC. ATIC responded with a letter explaining ATIC's experts' findings regarding the cause of damages to the house and that Parker's failure to provide the requested documentation and attend her EUO prejudiced ATIC's investigation. Parker's counsel sent a letter demanding $66,227.11 based on an estimate they obtained and $10,000 in attorney's fees. ATIC's counsel sent a letter to Parker's counsel explaining that Parker's failure to attend an EUO was one of the reasons coverage was not extended.

Parker's counsel emailed a list of proposed dates for the EUO, noting they were still verifying if the dates worked for Parker. ATIC's counsel responded with dates that worked for her. After several rounds of emails, Parker's counsel emailed that Parker "has severe PTSD and we just yesterday received a letter from her treating psychologist that she is unable to sit for a procedure like an EUO. I'm trying to develop alternative solutions to offer you." ATIC's counsel emailed twice asking for a copy of the psychologist's letter, and Parker's counsel sent a letter from a nurse practitioner. ATIC's counsel responded that the letter "does not address Ms. Parker's ability to sit for an EUO."[2] ATIC's counsel further reiterated that ATIC

---

[2] The nurse practitioner's letter is not in the mandamus record.

might reconsider whether to extend coverage if Parker appears for the EUO and provides the requested documentation.

In May 2025, Parker filed suit against ATIC for contractual and extracontractual claims. ATIC filed a general and verified denial and plea in abatement, asserting that Parker has not fulfilled all policy conditions precedent to coverage and filing suit.

On September 24, 2025, ATIC filed a motion to abate the lawsuit until Parker submits to an EUO and provides the requested documents. ATIC did not move for the trial court to order or compel Parker to provide the documents or submit to an EUO. ATIC set the motion for submission to the trial court without hearing on October 20, 2025.

Parker filed a response to the motion, arguing (without evidence) that her health condition required accommodations for the EUO and asserting that the insurance policy contains reasonableness and prejudice requirements regarding ATIC's requests for documents and an EUO. Parker further asserted that (1) she has produced documents and committed to supplementing production, and (2) the policy provisions regarding the EUO do not mandate an in-person examination or prohibit the presence of a non-insured representative. Parker argued that, given these disputes regarding the scheduling and format of the EUO and document production, granting the motion would provide ATIC an "indefinite" and "open-ended"

abatement. Parker filed a proposed order denying the motion to abate and, alternatively, setting forth the format of the EUO if a limited abatement were granted solely to complete the EUO.

ATIC filed a reply in support of its abatement motion. Although the abatement motion did not request that the trial court order Parker to provide documents or submit to an EUO in person, ATIC's reply contained such a request in addition to requesting abatement until Parker complied.

On October 28, 2025, the trial court signed Parker's proposed order without making any changes, meaning the order denied the motion to abate and, alternatively, set the format for an EUO if a limited abatement were granted.

ATIC filed a petition for writ of mandamus in our Court. We requested that Parker file a response to the petition and granted ATIC's motion to stay the underlying proceedings pending resolution of the petition.

## Analysis

### A. Mandamus standard

Mandamus is an extraordinary remedy that is available only in limited circumstances. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). To secure mandamus relief, a relator must establish that (1) the trial court committed a clear abuse of discretion or violated a duty imposed by law, and (2) there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d

6

124, 135–36 (Tex. 2004) (orig. proceeding).  A trial court abuses its discretion when "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law."  *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (internal quotation marks and citations omitted).

Mandamus will not issue when there is a clear and adequate remedy at law. *Walker*, 827 S.W.2d at 840 (quotation marks and citation omitted).  We review the adequacy of such a remedy by balancing the benefits of mandamus review against its detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).  We consider whether mandamus will "preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re Prudential Ins.*, 148 S.W.3d at 136.

B.    **Mandamus relief is not appropriate under these circumstances**

ATIC argues that the trial court clearly abused its discretion by denying the motion to abate because Parker failed to comply with the policy's documentation and EUO prerequisites for bringing suit.  But before we consider whether the trial court was required to order abatement, we must first determine whether ATIC

proved that Parker failed to comply with the policy's preconditions for filing suit, which in turn requires deciding (1) a disputed issue of fact between the parties as to whether Parker has complied with document requests under the policy and (2) a dispute between the parties as to whether the policy requires the EUO to be in the format requested by ATIC. Because neither of these issues have been decided by the trial court in the first instance, we decline to grant mandamus relief.

ATIC asserts abatement is required because Parker failed to provide requested documents. Parker disagrees, asserting she "has produced documents and committed to supplementing production as discovery proceeds." Whether the requested documents have been provided is a factual issue the trial court has not yet considered. *See In re Woodfill*, 470 S.W.3d 473, 478 (Tex. 2015) (orig. proceeding) (per curiam) ("Disputed facts, however, prevent the Court from resolving issues in a mandamus proceeding.").

ATIC also argues abatement is required because Parker has not sat for an EUO. ATIC cites several cases for the proposition that a policy provision requiring an EUO as a condition precedent to bringing suit is enforceable and abatement is the appropriate relief when that condition has not been satisfied. *See, e.g.*, *Philadelphia Underwriters' Agency of Fire Ins. Ass'n of Philadelphia v. Driggers*, 238 S.W. 633 (1922); *Shafighi v. Tex. Farmers Ins. Co.*, No. 14-12-00082-CV, 2013 WL 1803609, at *3 (Tex. App.—Houston [14th Dist.] Apr. 30, 2013, no pet.) (mem. op.); *In re*

8

*Foremost Cnty. Mut. Ins. Co.*, 172 S.W.3d 128, 134–36 (Tex. App.—Beaumont 2005, no pet.).[3]

Here, however, the parties disagree about the format of the EUO required by the policy, such as its length, whether it will occur in-person or by Zoom, and who may attend. In its motion to abate, ATIC did not ask the trial court to order or compel Parker to sit for an EUO (either generally or in a specific format) or produce documents.[4] Nor did the trial court set forth the format for the EUO, notwithstanding alternative language in the order governing the format if a limited abatement were granted, because the order denied the motion to abate.[5] Under these circumstances in which the parties disagree about the format of the EUO, it would be premature to abate the lawsuit only to have the parties immediately ask the trial court to lift the

---

[3]    ATIC also cites caselaw holding that mandamus relief is appropriate to challenge the erroneous denial of a motion to compel an EUO. *See In re Allied Tr. Ins. Co.*, No. 01-25-00101-CV, 2025 WL 1799523, at *9 (Tex. App.—Houston [1st Dist.] July 1, 2025, no pet.). But the order here denied only abatement, and ATIC did not move the trial court for an order compelling Parker to sit for an EUO. And because ATIC did not move the trial court to compel a specific format for the EUO, we will not consider that issue in the first instance. *See In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding) ("Due to the extraordinary nature of the remedy, the right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act.").

[4]    As noted above, ATIC's reply supporting its abatement motion added requests that the trial court order Parker to provide documentation and appear for an EUO in person. The trial court did not abuse its discretion by declining to rule on these new requests made the night before the submission setting for the motion.

[5]    ATIC argues that the trial court's order denied abatement, and thus the order's alternative language providing the conditions for an EUO if a limited abatement were granted is ineffective "because the 'if' did not happen." We agree.

abatement to resolve their disagreement as to what the policy requires. Granting mandamus relief compelling abatement would serve little purpose except to delay resolution of the underlying dispute. *See Dow Chem. Co. v. Garcia*, 909 S.W.2d 503, 505 (Tex. 1995) ("[W]e will not issue mandamus 'if for any reason it would be useless or unavailing.'") (quoting *Holcombe v. Fowler*, 9 S.W.2d 1028 (Tex. 1928)).

## Conclusion

For the foregoing reasons, we deny ATIC's petition for writ of mandamus without prejudice to either party seeking abatement and mandamus relief after the trial court first considers their disputes about what type of EUO and document production are required under the policy.[6] We lift the stay imposed by our December 15, 2025 order and deny all other requests for relief and pending motions.

Andrew Johnson
Justice

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

---

[6] *Cf. In re Allied Tr. Ins. Co.*, 2025 WL 1799523, at *9 (granting conditional mandamus relief that trial court must order insured and his adjuster submit to EUOs and noting insurer may re-urge request for abatement in trial court); *In re State Farm Lloyds*, 514 S.W.3d 789, 795–96 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("The Trial Court denied the motion to abate when it denied State Farm's motion to compel appraisal. There would have been no need to abate the case based on an appraisal process that was not going to occur. Given the changed circumstances and today's conditional grant of mandamus relief as to the motion to compel appraisal, State Farm is free to ask the Trial Court to abate the case in light of the impending appraisal process.").