**Raymond J. PERROTTA, Appellant,**

v.

**FARMERS INSURANCE EXCHANGE, Appellee.**

No. 01–00–00064–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 11, 2001.

Publication Ordered Feb. 22, 2001.

David Paul Petersen, Petersen & Petersen, Houston, for appellant.

Jeffrey Lee Hoffman, Pfeiffer & Vacek, L.L.P., Houston, for appellee.

Panel consists of Chief Justice SCHNEIDER and Justices TAFT and SMITH.*

## OPINION

TAFT, Justice.

This is an appeal from a summary judgment, disposing of complaints regarding the denial of an insurance claim, rendered in favor of appellee, Farmers Insurance Exchange. Appellant, Raymond J. Perrotta, complains the trial court erred in (1) granting Farmers's motion for summary judgment on his contractual and extra-contractual claims; and (2) denying his motion for continuance in order to conduct discovery prior to consideration of the motion for summary judgment. We affirm.

### Background and Procedural History

This case arises from an insurer's denial of a theft loss claim filed by the insured under a homeowner's insurance policy. Perrotta, the insured, purchased homeowner's insurance from Farmers, the insurer, in 1993, and he maintained a policy with Farmers up to and including the date of the alleged theft. The insurance policy covered the premises and the contents of Perrotta's residence.

In September 1996, Perrotta discovered several boxes of personal property missing from his residence. He reported the theft to the police, and an officer came out to his residence. In October, Perrotta filed a loss claim with the Pickett Agency, which forwarded it to the appropriate Farmers claims office. Mike Stevens, an adjuster for Farmers, came out to Perrotta's residence and met with him. They constructed a loss worksheet listing the items stolen, and Stevens took a recorded statement from Perrotta. Stevens reviewed a proof of loss form with Perrotta and requested that he fill it out and return it to Farmers. Stevens also asked Perrotta to complete an authorization form so that Farmers could obtain information confirming Perrotta's financial status.

Perrotta mailed the requested proof of loss to Farmers in November. Farmers took exception to the proof of loss, contending that it did not specify the amount claimed and did not have a notary seal. Farmers subsequently sent Perrotta a new proof of loss to fill out, along with another authorization form, but Farmers never received the completed forms back from Perrotta.[1]

Farmers asked Perrotta to appear at an Examination Under Oath (EUO) on December 2, 1996, and to bring certain documents with him to the EUO. Perrotta attended the EUO and provided the attorney conducting the EUO with nine photographs depicting some of the items Perrotta alleged to have been stolen. Perrotta did not provide Farmers with any receipts or other documents evidencing his ownership of the stolen items, and he never signed and returned the transcription of the EUO to Farmers.

---

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Perrotta included a copy of a corrected proof of loss in his response to Farmers's motion for summary judgment that he "thought [he] sent or otherwise gave to Farmers"; Farmers contends they never received it.

Several followup letters were forwarded by Farmers to Perrotta renewing their requests for information and asking him to sign and return the EUO. Farmers ultimately denied Perrotta's loss claim in July 1997, on the following grounds: (1) Perrotta either intentionally caused the alleged theft or no such theft occurred; (2) fraud and/or false swearing in the proof of loss, EUO, and presentation of his claim; and (3) lack of cooperation as required by the policy in that Perrotta had failed to provide Farmers with certain items it had requested since the EUO.

In February 1999, Perrotta filed suit against Farmers, Paul Antonucci, Jerry Pickett, and Pickett Insurance Agency claiming: damages for breach of contract; violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act; breach of the common law duty of good faith and fair dealing; gross negligence; libel; slander; and defamation.

Farmers answered with a general denial; it pleaded further, and in the alternative, that Perrotta failed to conform to the insurance policy conditions and violated the policy's concealment provision.[2]

On September 24, 1999, Farmers filed a motion for summary judgment. Farmers asserted summary judgment was proper on the contractual claims because: (1) Per-

rotta committed fraud in applying for the insurance;[3] (2) Perrotta breached the policy by refusing to comply with the terms and conditions of the policy; and (3) Perrotta violated the concealment provision of the policy.[4] Farmers contended summary judgment was proper on the extra-contractual claims because: liability was never reasonably clear; Farmers had a reasonable basis to deny the claim; and there was no evidence of any extra-contractual violation nor of independent damages related to such claims.

Perrotta replied by filing a motion for continuance requesting additional time for discovery along with a response to Farmers's summary judgment motion. In his response, Perrotta asserted: summary judgment on Farmers's defense of misrepresentation on the policy application is not proper; he had fully cooperated and satisfied all conditions of the insurance policy; Farmers failed to establish he had committed fraud or intended to deceive Farmers in violation of the policy's concealment clause; and the extra-contractual claims concerning Farmers's conduct involved a fact issue to be decided by the trier of fact.

The trial court denied Perrotta's motion for continuance and rendered summary

---

**2.** Farmers also claimed that: the alleged theft either was brought about by Perrotta's own actions or did not occur; the theft loss occurred outside the policy period; the claims were frivolous; the causes of action alleged by Perrotta violated the applicable statute of limitations; and the policy was subject to various limitations and deductibles which would limit any recovery. These claims are not at issue in this appeal.

**3.** Farmers has expressly waived this ground for summary judgment on appeal.

**4.** Farmers asserted additional grounds in its motion for summary judgment that Perrotta does not attack in this appeal: (1) Perrotta's

defamation claims are barred by limitations; (2) Defendants Antonucci and Pickett are entitled to summary judgment on the breach of contract claims because they are not parties to the insurance contract; and (3) Defendants Antonucci and Pickett are not liable for breach of the duty of good faith and fair dealing because neither are insurers. Perrotta has waived these grounds on appeal, and we affirm the summary judgment rendered in favor of Antonucci and Pickett individually and d/b/a Pickett Isurance Agency on the defamation, breach of contract, and breach of duty of good faith and fair dealing theories. *See Fetty v. Miller,* 905 S.W.2d 296, 299 (Tex. App.—San Antonio 1995, writ denied).

judgment for Farmers.[5]

### Summary Judgment

Summary judgment is proper only when a movant establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a (c); *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995); *Marchal v. Webb,* 859 S.W.2d 408, 412 (Tex.App.—Houston [1st Dist.] 1993, writ denied). Once the movant has established a right to summary judgment, the burden shifts to the nonmovant. *Marchal,* 859 S.W.2d at 412. The nonmovant must respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); *Marchal,* 859 S.W.2d at 412.

■ In reviewing the summary judgment, we must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor, and we will assume all the evidence favorable to the nonmovant is true. *Randall's Food Mkts., Inc.,* 891 S.W.2d at 644; *Marchal,* 859 S.W.2d at 412. For a defendant to prevail on a motion for summary judgment, the defendant must conclusively negate at least one of the essential elements of each of the plaintiff's causes of action or conclusively establish each essential element of

an affirmative defense. *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995).

In his first point of error, Perrotta contends the trial court erred by rendering summary judgment for Farmers on both his contractual and extra-contractual claims. We will first consider the judgment rendered on the contractual claims.

### A. Breach of Contract

■ In its motion for summary judgment, Farmers claimed that Perrotta breached several conditions of the insurance policy. Specifically, Farmers alleged Perrotta never signed and returned the transcription of his EUO as required by the policy.[6]

The policy contains a "Conditions" section enumerating the insured's "Duties After Loss." One of these enumerated duties is that the insured must "submit to [EUO] and sign and swear to it" in case of a loss to covered property. Additionally, the policy has an "Agreement" provision, which explicitly provides that Farmers "will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy."

■ Insurance policy provisions requiring the insured to submit to an EUO are valid. *See Philadelphia Underwriters' Agency of Fire Ins. Ass'n v. Driggers,* 111 Tex. 392, 238 S.W. 633, 635 (1922) (holding

---

5. The trial judge signed a general judgment, not specifying the grounds for rendering the summary judgment.

6. Other terms and conditions Farmers claimed that Perrotta breached were: refusing to provide any documents establishing his ownership of the items he claimed to have lost; refusing to provide copies of financial statements confirming his claims of wealth; refusing to provide identities and locations of individuals to corroborate his claims of ownership of the stolen items; never providing any written notice of the facts of the loss;

providing a deficient proof of loss in that it was incomplete and did not have a notary seal; not providing locations of storage facilities where he claims to have stored items; refusing to provide names and addresses of persons from whom some of the stolen items were purchased; and not completing the supplemental loss form from the Constable's office. Farmers claims these breaches denied Farmers the right it had under the insurance policy to expect Perrotta's cooperation in the investigation of his claim.

that failure or refusal to submit to EUO after loss suspends insured's right of recovery); *State Farm General Ins. Co. v. Lawlis,* 773 S.W.2d 948, 949 (Tex.App.—Beaumont 1989, no writ) (holding the failure of the insureds to submit to an EUO, a condition precedent to sustaining a suit on the insurance policy, required abatement of the suit). Insurance policies are governed by ordinary contract principles. *Vanguard Underwriters Ins. Co. v. Smith,* 999 S.W.2d 448, 451 (Tex.App.—Amarillo 1999, no pet.); *Clemons v. State Farm Fire and Cas. Co.,* 879 S.W.2d 385, 391 (Tex.App.—Houston [14th Dist.] 1994, no writ). When the language of the insurance policy is unambiguous, it is the court's duty to give the words used their plain meaning. *Clemons,* 879 S.W.2d at 391. Here, the policy unambiguously required the insured, Perrotta, to submit to an EUO and sign and swear to it.

Perrotta relies on *Century Ins. Co. v. Hogan,* 135 S.W.2d 224 (Tex.Civ.App.—Austin 1939, no writ) for the proposition that his failure to sign and return the EUO was not a material breach of the policy. *Hogan,* however, is distinguishable. In that case, the insured provided a reason for not signing the EUO: the notary was unable to take down everything the insured said because he talked too fast. Additionally, the court held that, because the insurer had not "directed attention" to the insured's failure to sign the EUO, further compliance was waived. *Hogan,* 135 S.W.2d at 228. In this case, Farmers made several requests that Perrotta sign and return the EUO.[7] Unlike in *Hogan,* Perrotta never provided a reason for not signing and returning the EUO, and Farmers never waived further compliance with the EUO provision of the policy.

Farmers included the affidavit of Mike Stevens, an adjuster for Farmers, in its summary judgment motion. In the affidavit, Stevens states that Perrotta "never signed and returned [the EUO] as requested and as required by [the] policy." Perrotta did not present any summary judgment evidence controverting Farmers's claim that he did not sign and return the original EUO. Perrotta's own affidavit, included in his response to the summary judgment, does not claim that he ever signed or returned the EUO to Farmers. As such, Farmers's summary judgment proof established as a matter of law that Perrotta did not comply with the EUO provision of the policy, and Perrotta presented no evidence to create a fact issue about his noncompliance.

■ A clear reading of the policy, coupled with the summary judgment proof presented, shows that Perrotta breached a term of the policy. Perrotta's own breach of the policy precludes him from maintaining suit for breach of contract. *See Gulf Pipe Line Co. v. Nearen,* 135 Tex. 50, 138 S.W.2d 1065, 1068 (1940) (holding a party to a contract who is himself in default cannot maintain a suit for its breach); *D.E.W., Inc. v. Depco Forms, Inc.,* 827 S.W.2d 379, 382 (Tex.App.—San Antonio 1992, no writ) (holding party in breach could not maintain suit for breach of contract); *see also Guerra v. Sentry Ins.,* 927 S.W.2d 733, 736 (Tex.App.—Eastland 1996, writ denied) (holding insured's failure to comply with notice provision in insurance policy resulted in no coverage for a newly acquired car); *Pogo Holding Corp. v. New York Property Ins. Underwriting Ass'n.,* 73 A.D.2d 605, 422 N.Y.S.2d 123, 123 (N.Y.App.Div.1979) (holding insured's failure to comply with terms of policy requiring him to sign and return an EUO was a

---

7. Copies of letters sent by Farmers to Perrotta requesting that he sign and return the EUO as required by the policy were attached to Farmers's summary judgment motion.

material breach). Because we find Perrotta breached the terms of the insurance policy, we affirm summary judgment for Farmers on the contractual claims.[8] We next consider Perrotta's extra-contractual claims against Farmers.

## B. Extra Contractual Claims

■■■ A cause of action for breach of the duty of good faith and fair dealing is established when an insurer has no reasonable basis for denying or delaying payment of a claim, and the insurer knew or should have known that fact. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex.1997) (citing *Aranda v. Insurance Co. of N. Am.*, 748 S.W.2d 210, 213 (Tex.1988)); *Betco Scaffolds Co. v. Houston United Cas. Ins. Co.*, 29 S.W.3d 341, 348 (Tex.App.—Houston [14th Dist.] 2000, no pet.). When the underlying claim upon which an insured's extra-contractual claims are premised is found to have been properly denied, however, his extra-contractual claims necessarily fail. *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex.1995) (holding there can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not covered); *Tivoli Corp. v. Jewelers Mut. Ins. Co.*, 932 S.W.2d 704, 712 (Tex.App.—San Antonio 1996, writ denied) (holding extra-contractual claims fail when denial of a claim is held to be appropriate). Perrotta contended summary judgment on his extra-contractual claims was improper

because: (1) he needed to conduct additional discovery regarding the reasonableness of the denial; and (2) the issue of whether Farmers breached the duty of good faith and fair dealing was a fact issue.[9]

■■■ In this case, Farmers had a reasonable basis for denying the claim based on Perrotta's own breach of the policy. *See Betco Scaffolds Co.*, 29 S.W.3d at 348. As such, Farmers did not breach its duty of good faith and fair dealing to Perrotta with regard to that denial, and Perrotta's extra-contractual claims fail as a matter of law. *See United States Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex.1997) (per curiam) (holding insurer not liable for bad faith when it denied insured's claim based on a good faith dispute regarding the interpretation of a rule). Therefore, we affirm summary judgment for Farmers on the extra-contractual claims.

Accordingly, we overrule appellant's first point of error.

## Motion for Continuance

■■■ In his second point of error, Perrotta contends the trial court abused its discretion in denying his motion for continuance on the summary judgment. He claims his motion for continuance should have been granted because of: the complexity of the case; the numerous defenses raised by Farmers; Farmers's request to

---

8. We will affirm a summary judgment if any of the theories advanced in the motion for summary judgment is meritorious. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex.1996); *Cigna Ins. Co. v. Rubalcada*, 960 S.W.2d 408, 412 (Tex.App.—Houston [1st Dist.] 1998, no pet.). Because we find Perrotta breached the terms of the insurance policy, we do not need to address whether he violated the concealment provision of the policy.

9. Perrotta cites *Giles* for the proposition that whether an insurer has breached its duty of

good faith and fair dealing is a fact issue. 950 S.W.2d 48, 56 (Tex.1997). *Giles* is distinguishable. Unlike in *Giles*, liability in this case never became reasonably clear because Farmers had a reasonable basis for denying the claim. *Id.* at 56. Additionally, a court may decide an issue as a matter of law when there is no conflict in the evidence, as is the case here. *Id.* We address Perrotta's claim that he needed time to conduct additional discovery on this issue in our discussion on the motion for continuance.

hold off on written discovery; voluminous discovery records; tortuous procedural history; and the time the case was on file.

We will not disturb the trial court's denial of a motion for continuance except for a clear abuse of discretion. *Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex. 1986); *Verkin v. Southwest Ctr. One, Ltd.,* 784 S.W.2d 92, 94 (Tex.App.—Houston [1st Dist.] 1989, writ denied). In deciding whether the trial court has abused its discretion, three nonexclusive factors are helpful: (1) the length of time the case has been on file; (2) the materiality of the discovery sought; and (3) whether due diligence was exercised in obtaining discovery. *Levinthal v. Kelsey–Seybold Clinic, P.A.,* 902 S.W.2d 508, 510 (Tex.App.—Houston [1st Dist.] 1994, no writ).

On September 24, 1999, Farmers served Perrotta with its responses to discovery along with a motion for summary judgment, and the hearing on the motion was set for October 18. The hearing was continued for three additional days to allow Perrotta the opportunity to review materials Farmers had produced in discovery and to question a Farmers representative about what each document was. When the hearing resumed, the court denied the motion for continuance and rendered summary judgment in favor of Farmers.

A plaintiff is expected to have investigated his own case prior to filing suit. *Verkin,* 784 S.W.2d at 95–96. Farmers denied Perrotta's claim a year and a half before Perrotta filed this suit.[10] A March 1999 scheduling order afforded notice to both parties that trial of the contractual claims was set for November 8, 1999. Additionally, the trial court's denial of an agreed

motion for continuance, on September 13, 1999, alerted Perrotta to the unlikelihood that the November trial date would be continued. This case had been on file for over seven months when Farmers filed its summary judgment motion, and the hearing on the motion took place nineteen days before the scheduled trial date. Hence, the length of time this case had been on file does not suggest an abuse of discretion. *Cf. Levinthal,* 902 S.W.2d 508, 512 (holding trial court abused its discretion when case had been on file for only three months, the discovery sought was material to the plaintiff's claims, and the plaintiff exercised due diligence in obtaining discovery).

Perrotta asserted in his motion for continuance that additional time for discovery was needed to compel the production of documents Farmers had withheld based upon attorney-client privilege. Perrotta, however, did not show why the documents were material nor file a motion to compel production after being served with Farmers's responses. *See Blake v. Lewis,* 886 S.W.2d 404, 409 (Tex.App.—Houston [1st Dist.] 1994, no writ) (holding proponent of a motion for continuance should state what specific discovery is material and show why it is material). Likewise, Perrotta claimed he needed additional time to take depositions of Farmers representatives,[11] but he failed to show how this discovery was material to his breach of contract and extra-contractual claims. *See Rhima v. White,* 829 S.W.2d 909, 912 (Tex.App.—Fort Worth 1992, writ denied). Perrotta also claimed that a request by Farmers to hold off on discovery justified a continuance. However, nothing prevented Per-

---

**10.** Farmers denied Perrotta's claim July 1, 1997.

**11.** In his brief, Perrotta claims he needed additional time to take the deposition of Ger-

ald Pickett; however, the information he desired to question Pickett about is immaterial because Farmers has waived that specific ground for summary judgment on appeal.

rotta from conducting discovery earlier in the case, and his failure to make diligent efforts to secure discovery did not authorize the granting of a continuance.[12] *See Blake*, 886 S.W.2d at 409. Moreover, the requested discovery would not have affected our findings on either the contractual or extra-contractual claims.

 Lastly, Perrotta's counsel claimed he was not ready because of personal matters and other lawsuits he had pending which prevented him from preparing for the summary judgment proceedings. Even so, the denial of a motion for continuance based on lack of time to prepare for trial is not an abuse of discretion. *Cronen v. Nix*, 611 S.W.2d 651, 653 (Tex.App.— Houston [1st Dist.] 1980, writ ref'd n.r.e.).

Under the circumstances of this case, Perrotta has not shown the trial court abused its discretion in denying the motion for continuance. Accordingly, we overrule point of error two.

### Conclusion

We affirm the summary judgment of the trial court.

---

12. Perrotta waited until August 27, 1999 to serve requests for production and interrogatories on Farmers. Additionally, in his motion for continuance, Perrotta alleged he had retained an expert to sort through the written discovery and render an opinion on the extra-contractual issues, but that it would take 30 days for the expert to review the materials.