Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★  ★ ★ ★

## MEMORANDUM OPINION

No. 04-08-00590-CV

John **FLANAGAN**,
Appellant

v.

**CENIZO INVESTMENTS, LTD**. and Harry F. Thompson III,
Appellees

From the 293rd Judicial District Court, Zavala County, Texas
Trial Court No. 03-06-10736-ZCV
Honorable Cynthia L. Muniz, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed: June 16, 2010

AFFIRMED

John Flanagan appeals the summary judgment granted in favor of Cenizo Investments, Ltd.

and Harry F. Thompson III. We affirm.

### BACKGROUND

In 1968, Leroy Braxdale built a runway and airplane hangars on property owned by Warren

Wagner and his wife Mary. Shortly thereafter, Leroy, Mary, and Warren formed Braxdale Aviation,

Inc. to operate an airport and crop dusting business on the Wagners' property. Leroy owned fifty

percent of the company and Mary and Warren each owned twenty-five percent. In 1969, Mary and Warren entered into a lease agreement with Braxdale Aviation, Inc., giving the company full use of their property. The lease provided in part:

> For and in consideration of the use of said property and premises, Lessee [Braxdale Aviation, Inc.] agrees to pay Lessor [Mary and Warren Wagner] Ten Dollars ($10.00) per year and other valuable consideration rendered by services of Leroy Braxdale individually. This lease shall commence on the 1st day of January, 1969, and last for ninety-nine (99) years.

Pursuant to the lease, Leroy provided services to Warren and Mary including maintaining, flying, and hangaring Warren's airplane.

In 1998, Leroy sold his interest in Braxdale Aviation, Inc. to the two other stockholders of the company (by this time Bart Wagner and Mary Jo Wagner[1] were the successor owners of the real property and stockholders of Braxdale Aviation, Inc. because Warren and Mary had passed away). Braxdale Aviation, Inc. was then dissolved. After September 21, 1998, Leroy stopped paying the $10.00 fee and no longer provided any services to anyone at the airport.

Flanagan claims he purchased Bart Wagner's fifty percent ownership interest in the lease sometime after Bart acquired his interest in the land and the lease. In 2001 and 2002, Cenizo Investments, Ltd. purchased portions of the real property where the airport was located, and in 2005 Harry F. Thompson, III purchased the remaining portion from Bart. After the sale of the real property to Cenizo and Thompson, Flanagan attempted to continue to use the property as an airport, claiming he owned a fifty percent interest in the lease.

---

[1] Mary Jo Wagner was Warren Wagner's second wife after Mary Wagner passed away. Bart Wagner is Mary and Warren Wagner's son.

Cenizo filed suit against Flanagan and Thompson seeking a declaratory judgment regarding the viability of the lease, and asserted the lease terminated either for failure of consideration, by shareholder consent, or according to the terms of the lease. Cenizo pled in the alternative for a declaration of the ownership of the leasehold and a writ of partition or a judicial foreclosure. Thompson cross claimed and counter-claimed for termination of the lease and for declaratory judgment. Acting *pro se,* Flanagan cross claimed and counter-claimed against Cenizo and Thompson asserting negligence, negligence per se, "defects in equipment," nuisance, nuisance per se, trespass, gross negligence, unjust enrichment, "conduct of a landlord," and "interference with lawful possession of a lease by illegal acts under the color of law."

Cenizo and Thompson filed a no evidence motion for summary judgment on Flanagan's cross claims and counter-claims and a traditional motion for summary judgment seeking a declaration that the lease was terminated. Flanagan timely filed a response and attached affidavits and photographs.[2] On the day of the hearing, Flanagan filed a motion for continuance and another affidavit. Cenizo and Thompson filed objections to Flanagan's evidence, which were sustained by the trial court. Flanagan's motion for continuance was denied and the trial court granted summary judgment and declared:

> IT IS ORDERED, ADJUDGED AND DECREED that the lease dated January 1, 1969 between Warren Wagner and wife Mary Wagner, as lessor, and Braxdale Aviation, Inc., as lessee, is terminated and is void and of no further force and effect.

---

[2] Flanagan asserted in his opening brief that there were documents missing from the clerk's record. We remanded this case to the trial court to determine which affidavits the parties filed and when they were filed. The trial court made findings of fact regarding the affidavits and the clerk's record was supplemented accordingly.

The trial court also rendered a take nothing judgment on Flanagan's claims for affirmative relief. Flanagan appealed the judgment.

## DISCUSSION

### *Issues on Appeal*

Flanagan filed a *pro se* brief in this appeal. We recognize that although *pro se* pleadings and briefs are to be liberally construed, a *pro se* litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677-78 (Tex. App.—Dallas 2004, pet. denied), *cert. denied*, 543 U.S. 1076 (2005). Texas Rule of Appellate Procedure 38.1(f) provides that the statement of an issue will be treated as covering every subsidiary question that is fairly included. "Appellate briefs are construed reasonably, yet liberally, so that the right to appellate review is not lost by waiver." *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008). Whenever possible we must reach the merits of an appeal. *Id*.

We construe Flanagan's *pro se* appellate brief as raising three issues challenging the trial court's: (1) denial of Flanagan's motion for continuance; (2) declaration that the lease agreement is terminated; and, (3) granting summary judgment and rendering a take nothing judgment on Flanagan's claims for affirmative relief.

### *Motion for Continuance*

On the day of the summary judgment hearing, Flanagan filed a motion for continuance of the hearing on Cenizo and Thompson's motion for summary judgment. Flanagan argued he needed time to take depositions and obtain additional affidavits. Flanagan also claimed that due to his advanced age and work schedule he was not able to complete the response before the hearing.

We review the trial court's denial of a motion for continuance under a clear abuse of discretion standard. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). We consider the following nonexclusive factors when deciding whether a trial court abused its discretion by denying a motion for continuance to conduct additional discovery: the length of time the case has been on file; the materiality and purpose of the discovery sought; and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Perrotta v. Farmers Ins. Exch*., 47 S.W.3d 569, 576 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

When the motion for summary judgment was filed, this case had been on file for five years. Flanagan was given thirty-three days notice of the hearing. In his affidavit, Flanagan did not explain the materiality of the additional discovery he claimed he needed in order to respond to the motion for summary judgment. Flanagan admitted in his motion that he had no excuse for not obtaining this discovery earlier other than his age and his present workload. Based on the record we cannot hold that the trial court committed a clear abuse of discretion in denying Flanagan a continuance.

### *Traditional Summary Judgment*

Cenizo and Thompson filed a motion for summary judgment seeking a declaration the lease was terminated because: (1) there was a failure of consideration for the lease; (2) the purpose of the lease was no longer possible; and, (3) the lessee's stockholders consented to the termination. Cenizo and Thompson also sought a declaration that Flanagan did not have an interest in the lease because the lease included a non-assignable personal services agreement. The trial court granted summary

judgment and declared the lease terminated, but did not recite in the judgment the basis for terminating the lease.

A traditional summary judgment requires the movant to establish that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Co. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). The movant has the burden to conclusively disprove one element of the challenged cause of action or to conclusively prove all of the elements of an affirmative defense. *Pustejovsky v. Rapid-Am. Corp.*, 35 S.W.3d 643, 645-46 (Tex. 2000); *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex. 1993). Evidence favorable to the non-movant will be taken as true, and every reasonable inference and any doubts will be resolved in the non-movant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 814 (Tex. 2005).

Cenizo and Thompson sought a declaration that the lease was terminated for failure of consideration. Failure of consideration occurs when, due to a supervening cause after an agreement is reached, the promised performance fails. *City of The Colony v. N. Tex. Mun. Water Dist.*, 272 S.W.3d 699, 733 (Tex. App.—Fort Worth 2008, pet. dism'd); *U.S. Bank, N.A. v. Prestige Ford Garland Ltd. P'ship*, 170 S.W.3d 272, 279 (Tex. App.—Dallas 2005, no pet.). Failure of consideration occurs because of subsequent events. *See City of The Colony*, 272 S.W.3d at 733; *U.S. Bank, N.A.*, 170 S.W.3d at 279. For example, one party's failure to perform its obligations under the agreement may result in the other party's failure to receive the consideration set forth in the agreement. *See City of The Colony*, 272 S.W.3d at 733; *U.S. Bank, N.A.*, 170 S.W.3d at 279.

The airport lease specifically required the lessee provide a $10.00 yearly fee and "other valuable consideration rendered by services of Leroy Braxdale individually." Leroy paid the $10.00 fee and provided personal services to Warren such as flying and maintaining his plane. In 1998, Leroy sold his interest in Braxdale Aviation, Inc., and the company was dissolved the following year. Leroy ceased paying any money or providing services under the lease when he sold his interest in the company.

The summary judgment evidence conclusively establishes that after 1998 there was no consideration provided for the lease. Leroy stopped providing individual services to Warren in 1991 because Warren sold his plane. The dissolution of Braxdale Aviation, Inc. prevented the company from providing any consideration required by the lease. Likewise, Leroy could no longer perform services because the company's airplanes and other property were sold when the company was dissolved. Leroy's failure to perform personal services and the company's non-payment of rent resulted in failure of the consideration required by the lease. *See City of The Colony*, 272 S.W.3d at 733; *U.S. Bank, N.A.*, 170 S.W.3d at 279. Flanagan did not raise any material fact issues regarding the consideration required under the lease, or the subsequent events which prevented performance under the lease agreement. We hold the lease terminated for failure of consideration and summary judgment was proper.[3]

### *No Evidence Motion for Summary Judgment*

Cenizo and Thompson moved for summary judgment on each of Flanagan's cross claims and counter-claims, asserting there is no evidence to raise a genuine issue of material fact as to the

---

[3] Because we hold the lease terminated for failure of consideration, we need not address whether any of the other grounds support the trial court's summary judgment.

essential elements of each claim. A no-evidence summary judgment motion must explicitly assert that there is no evidence of one or more specifically-identified elements of the opponent's claim. TEX. R. CIV. P. 166a(i) cmt. (1997); *Ortiz v. Collins,* 203 S.W.3d 414, 425 (Tex. App.—Houston [14 Dist.] 2006, no pet.); *Cmty. Initiatives, Inc. v. Chase Bank of Tex.*, 153 S.W.3d 270, 279 (Tex. App.—El Paso 2004, no pet.); *Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1, 3 (Tex. App.—San Antonio 2000, pet. denied). The motion must be specific in challenging the evidentiary support for an element of a claim or defense; conclusory motions or general no evidence challenges to an opponent's case are not authorized. *See Ortiz*, 203 S.W.3d at 425; *Cmty. Initiatives, Inc.*, 153 S.W.3d at 279-80. Once the movant files a motion for no evidence summary judgment, the non-movant has the burden to produce summary judgment evidence raising a genuine issue of material fact on the challenged element. *Id.*; *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). However, the non-movant is not required to marshal its proof but only to present some evidence of probative value raising a fact issue about which reasonable minds could differ. TEX. R. CIV. P. 166a(i) cmt. (1997); *Ford Motor Co.*, 135 S.W.3d at 601. The movant is entitled to summary judgment if the opponent fails to produce legally sufficient evidence to support its theory of liability or defense after adequate time for discovery. TEX. R. CIV. P. 166a(i). We view the evidence in the light most favorable to the non-movant and disregard all contrary evidence and inferences. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003).

Flanagan asserts the no evidence motion for summary judgment was conclusory. We disagree. The no evidence motion addresses each cause of action and specifically identifies the element of each cause of action for which there is no evidence. The motion was not conclusory. *See* TEX. R. CIV. P. 166a(i); *Ortiz*, 203 S.W.3d at 425; *see also Dodd v. City of Beverly Hills*, 78 S.W.3d

509, 513 (Tex. App.—Waco 2002, pet. denied)(purpose of specificity requirement is to provide opposing party fair notice of elements on which it must produce some evidence); *Dominguez v. Payne*, 112 S.W.3d 866, 868 (Tex. App.—Corpus Christi 2003, no pet.)(specific attack on the evidentiary components not necessary for no evidence motion for summary judgment).

Summary judgment was proper on all of Flanagan's alleged causes of action. Flanagan's response to the no evidence motion for summary judgment did not connect any specific fact to the specifically challenged element of his causes of action. *See Brewer & Pritchard, P.C. v. Johnson*, 7 S.W.3d 862, 869 (Tex. App.—Houston [1st Dist.] 1999), *aff'd on other grounds*, 73 S.W.3d 193, 211 (Tex. 2002); *Guthrie v. Suiter*, 934 S.W.2d 820, 826 (Tex. App.—Houston [1st Dist.] 1996, no writ). Thus, Flanagan failed to raise a fact issue on any of the challenged elements in the no evidence motion for summary judgment.[4]

Summary judgment is affirmed.[5]

Steven C. Hilbig, Justice

---

[4] Flanagan complains that he should have been provided an opportunity to amend his pleading after the trial court granted Cenizo and Thompson's special exceptions. Because we hold Cenizo and Thompson were entitled to summary judgment on all of Flanagan's claims, we need not address the trial court's rulings on special exceptions.

[5] Flanagan also raises issues concerning the trial court's evidentiary rulings on several affidavits. We do not decide these issues because, even if we considered the affidavits in their entirety, they do not raise a fact issues on the failure of consideration or the challenged elements of Flanagan's affirmative claims.