COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                NO.
 2-09-241-CV

 

 

MATT
MANCUSO                                                                              APPELLANT

 

                                                             V.

 

CHEAHA
LAND SERVICES, LLC                                                           APPELLEE

 

                                                       ------------

 

              FROM THE 141ST
DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                     MEMORANDUM OPINION[1]

 

                                                       ------------

I.  Introduction

Appellant
Matt Mancuso appeals a no-evidence summary judgment granted against him and in
favor of Appellant Cheaha Land Services, LLC. 
Mancuso contends in three issues that the trial court erred by granting
the no-evidence summary judgment, by not permitting him to file his summary
judgment response on the day of the summary judgment hearing, and by denying
his motion to continue the hearing on the motion for summary judgment.  We affirm. 

II.  Factual and Procedural Background

On
July 21, 2008, Mancuso filed a lawsuit against Cheaha for breach of contract
relating to the alleged nonpayment of commissions.  On January 6, 2009, Mancuso filed a letter
with the trial court requesting that the case be set for trial the week of
April 27, 2009.  The trial court, as
requested, set the case for trial on April 27, 2009.  On January 12, 2009, Cheaha served a request
for disclosure on Mancuso.  Mancuso=s
counsel did not calendar the deadline for responding to the request for
disclosure, and Mancuso did not serve any response to the request for
disclosure on Cheaha.  Thereafter, Cheaha
filed a no-evidence motion for summary judgment on March 31, 2009, and the
trial court set a hearing on the motion for April 24, 2009, three days before
the requested trial date. 

On
April 17, 2009, Mancuso=s attorney drafted a motion
to continue the summary judgment hearing and a motion to continue the trial so that
Mancuso could conduct more discovery. 
Mancuso requested a seventy-five day continuance of the trial to
supplement and complete discovery related to the compensation due him and to
obtain witnesses who could provide testimony about the services that Cheaha and
its affiliated companies provided to Cheasapeake Energy Corporation.  Mancuso=s
attorney also drafted a response to Cheaha=s
motion for summary judgment and a response to Cheaha=s
previously served request for disclosure. 
The attorney=s legal assistant, however,
failed to mail the packages containing the motions for continuance, the summary
judgment response, and the discovery responses. 
Thus, they were not timely filed with the trial court or served on opposing
counsel. 

Mancuso=s
attorney discovered her assistant=s
failure to mail the packages the evening before the summary judgment hearing,
and on April 24, 2009, the day of the summary judgment hearing, Mancuso=s
attorney filed the motions to continue the summary judgment hearing and the
trial; she also delivered the late discovery responses to Cheaha and the trial
court.  Mancuso=s
attorney stated at the hearing that she did not timely respond to Cheaha=s
request for disclosure due to a clerical error. 
Unable to explain exactly what happened, Mancuso=s
attorney stated that the calendaring of the responses was not done properly and
that she did not realize there was a due date for discovery responses in
February.  She said that the oversight
was unintentional and entirely due to the error in calendaring the response due
date. 

After
hearing argument, the trial court denied both the motion to continue the
summary judgment hearing and the motion for leave to file the late summary
judgment response.  While arguing its
no-evidence motion for summary judgment, Cheaha contended that because Mancuso
did not timely respond to the request for disclosure, he was barred from
presenting evidence on any of the elements of his breach of contract
claim.  The trial court granted Cheaha=s
no-evidence summary judgment motion, and Mancuso timely filed this appeal. 

III.
Continuance of Summary Judgment Hearing

In
his third issue, Mancuso argues that the trial court should have continued the
hearing on the motion for summary judgment so that he could obtain additional
discovery, specifically the deposition of a representative from Cheasapeake
Energy Company.  Mancuso contends that
the failure to grant his motion to continue the summary judgment hearing was an
abuse of discretion because the motion identified the specific need for
discovery and there had not been adequate time for that discovery.  In response, Cheaha argues that the trial
court did not abuse its discretion by denying Mancuso=s motion
for continuance because Mancuso specifically requested the April 27, 2009 trial
setting but did not exercise due diligence in obtaining the discovery he claims
to need before proceeding to trial. 

A.      Applicable
Law

A
litigant who fails to diligently use the rules of civil procedure for discovery
purposes is not entitled to a continuance. 
State v. Wood Oil Distrib., Inc., 751 S.W.2d 863, 865 (Tex.
1988).  In deciding whether a trial court
abused its discretion by denying a motion for continuance seeking additional
time to conduct discovery, we consider factors such as the length of time the
case has been on file, the materiality and purpose of the discovery sought, and
whether the party seeking the continuance has exercised due diligence to obtain
the discovery sought.  Joe v. Two
Thirty Nine Joint Venture, 145 S.W.3d 150, 161 (Tex. 2004) (citing BMC
Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 800 (Tex. 2002)) (diligence
and length of time on file); Tenneco Inc. v. Enter. Prods. Co., 925
S.W.2d 640, 647 (Tex. 1996) (materiality and purpose); Wood Oil Distrib.,
Inc., 751 S.W.2d at 865 (diligence); Green v. Cook, No.
2-08-00087-CV, 2009 WL 279384, at *7 (Tex. App.CFort
Worth Feb. 5, 2009, no pet.) (mem. op.) (nature and complexity of the case); see
also Perrotta v. Farmers Ins. Exch., 47 S.W.3d 569, 576 (Tex. App.CHouston
[1st Dist.] 2001, no pet.) (using these factors to decide whether a trial court
abused its discretion by denying a motion for continuance).

B.      Analysis 

Mancuso
argues that the trial court erred by not continuing the hearing on the motion
for summary judgment so that discovery could be completed. However, Mancuso has
not shown that the trial court=s
denial of the continuance motion was so arbitrary and unreasonable as to amount
to a clear and prejudicial error of law. 
See Marchand, 83 S.W.3d at 800B01. 

The
discovery Mancuso identifies as necessary is clearly material to the case;
Mancuso argues that the deposition of a Cheasapeake Energy Company
representative is necessary to identify damages resulting from Cheaha=s
alleged breach of contract.  Although the
discovery sought is material to the case, Mancuso never offered the trial court
any reason or explanation for not seeking the discovery during the more than
eight months that the case had been on file.

As
to the length of time on file,  Mancuso
cannot complain that this case was only on file for eight months because
Mancuso himself requested the April 27, 2009 trial setting.  See Perrotta, 47 S.W.3d at 576; see
also Karen Corp. v. Burlington N. & Santa Fe Ry. Co., 107 S.W.3d 118,
124 (Tex. App.CFort
Worth 2003, pet. denied) (holding that the trial court=s
refusal to grant a continuance of a summary judgment hearing was not an abuse
of discretion since the appellant had Awell
over eight months of discovery@ and
did not challenge the lack of notice of the hearing).  The summary judgment hearing was set three
days before trial.  Because Mancuso
requested the trial date, he knew the exact amount of time he had before trial
and presumably knew how much discovery he needed to prepare the case for trial
by that time.  But he did nothing to
conduct discovery in the three and one half months between his request and the
requested trial date.  See Wood Oil
Distrib., Inc., 751 S.W.2d at 865. 
The trial court did not abuse its discretion by denying Mancuso=s
motion for continuance.  We therefore
overrule Mancuso=s third issue. 

IV.
No-Evidence Summary Judgment

In
his second issue, Mancuso contends that the trial court erred by granting a
no-evidence summary judgment for Cheaha.

A.      Standard of
Review

A
no-evidence summary judgment is essentially a pretrial directed verdict because
it requires the nonmovant to present evidence sufficient to raise a genuine
issue of material fact on each challenged element.  Timpte Indus., Inc. v. Gish, 286
S.W.3d 306, 310 (Tex. 2009).  We apply
the same legal sufficiency standard in reviewing a no-evidence summary judgment
as we apply in reviewing a directed verdict. 
King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750B51
(Tex. 2003).

B.      Applicable
Law

To
defeat the no-evidence motion for summary judgment, Mancuso, as the nonmovant,
must prove there is a genuine issue of material fact on the elements of breach
of contract.  See Tex. R. Civ. P.
166a(i).

Rule
193.6 governs untimely discovery responses and provides the following:

193.6 Failing to
Timely Respond B Effect on Trial 

 

(a) Exclusion of
Evidence and Exceptions.  A party who
fails to make, amend, or supplement a discovery response in a timely manner may
not introduce in evidence the material or information that was not timely
disclosed, or offer the testimony of a witness (other than a named party) who
was not timely identified, unless the court finds that:

 

(1) there was good cause for the failure to
timely make, amend, or supplement the discovery response; or 

 

(2) the failure to timely make, amend,
or supplement the discovery response will not unfairly surprise or unfairly
prejudice the other parties. 

 

(b) Burden of
Establishing Exception.  The burden
of establishing good cause or the lack of unfair surprise or unfair prejudice
is on the party seeking to introduce the evidence or call the witness.  A finding of good cause or of the lack of
unfair surprise or unfair prejudice must be supported by the record.

 

Tex. R. Civ. P.
193.6(a), (b).



 








The
penalty under rule 193.6 for a party=s
failure to respond to a discovery request is the mandatory exclusion of the
evidence requested.  See Alvarado v.
Farah Mfg. Co., 830 S.W.2d 911, 914 (Tex. 1992); F & H Invs., Inc.
v. State, 55 S.W.3d 663, 669 (Tex. App.CWaco
2001, no pet.).  A party who fails to
make, amend, or supplement a discovery response in a timely manner may not
introduce in evidence the material or information that was not timely disclosed
unless the court finds that (1) there was good cause for the failure to timely
disclose or (2) the failure will not unfairly surprise or prejudice the other
parties.  Tex. Mun. League
Intergovernmental Risk Pool v. Burns, 209 S.W.3d 806, 817 (Tex. App.CFort
Worth 2006, no pet.) (citing Tex. R. Civ. P. 193.6(a)).  The trial court has discretion to determine
whether the offering party has met its burden.  Id. (citing Alvarado, 830 S.W.2d at
914). 

C.      Analysis

On
appeal, Mancuso does not request the relief he needs to defeat a no-evidence
motion for summary judgment.  While he
sought a continuance of the summary judgment hearing and leave to file the late
summary judgment response, he did not seek relief in the trial court relating
to his untimely response to Cheaha=s
request for disclosure.  In other words,
Mancuso never asked the trial court for leave to serve late responses to Cheaha=s
request for disclosure, nor does he contend on appeal that he should have been
permitted to serve the late discovery responses.  Therefore, Mancuso was barred from presenting
evidence in response to Cheaha=s
no-evidence motion for summary judgment. 
See Tex. R. Civ. P. 193.6. 

Because
Mancuso is barred from presenting evidence in response to the no-evidence
motion for summary judgment, the trial court appropriately granted Cheaha=s
motion for no-evidence summary judgment. 
Supposing that Mancuso had timely responded to the no-evidence motion
for summary judgment, he was still barred by rule 193.6 from introducing any
evidence on damages or any argument relating to his legal theories since he
failed to timely respond to Cheaha=s
request for disclosure.[2]  See Tex. R. Civ. P. 193.6.  Thus, even if Mancuso=s
attorney=s
legal assistant had correctly delivered the package containing Mancuso=s
responses on April 17, 2009, Mancuso would still have been barred from
presenting evidence in response to the no-evidence motion for summary judgment.  Id.

Because
Mancuso is barred by the rules of civil procedure from offering any evidence,
he cannot meet his burden in responding to Cheaha=s
no-evidence motion for summary judgment. 
See Tex. R. Civ. P. 166a(i). 
Therefore, the trial court did not err by granting Cheaha=s
no-evidence motion for summary judgment.[3]  We overrule Mancuso=s
second issue.

V.  Conclusion

Having
overruled Mancuso=s second and third issues,
which are dispositive, we affirm the trial court=s
judgment. 

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  GARDNER and MEIER, JJ.; and WILLIAM BRIGHAM
(Senior Justice, Retired, Sitting by Assignment).

 

DELIVERED:  August 12, 2010











[1]See Tex. R. App. P.
47.4.





[2]As recently
reaffirmed by the Texas Supreme Court, rule 193.6 of the Texas Rules of Civil
Procedure applies to summary judgment proceedings.  Fort Brown Villas III Condo. Ass'n, Inc.
v. Gillenwater, 285 S.W.3d 879, 882 (Tex. 2009) (holding trial court
properly struck expert=s affidavit when
nonmovant did not timely disclose the expert pursuant to scheduling order
deadlines).





[3]In light of our
disposition of Mancuso=s second issue, we
need not address his first issue.  See
Tex. R. App. P. 47.1.