**Reversed and remanded and Memorandum Opinion filed April 30, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00082-CV

## ARMAN A. SHAFIGHI, Appellant

## V.

## TEXAS FARMERS INSURANCE COMPANY, Appellee

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-69062**

## M E M O R A N D U M   O P I N I O N

Arman A. Shafighi sued Texas Farmers Insurance Company (Farmers) when it denied his claim for fire damage to his house. The trial court granted summary judgment to Farmers, concluding that Shafighi could not recover because he failed to participate in a sworn examination as part of Farmers' investigation. Because the insurance policy at issue permits Farmers to abate the case until Shafighi complies with the relevant policy provisions, but does not entitle it to summary

judgment under these circumstances, we reverse and remand.

## BACKGROUND

Farmers insured a house in Houston that Shafighi owned. When fire damaged the building, Shafighi sought to collect on his policy. The insurance policy assigned certain "duties after loss" to Shafighi, among which were "cooperat[ing] with [the insurer's] investigation" and "submit[ting] to examinations under oath."

Over approximately six months, Shafighi and Farmers unsuccessfully attempted to schedule Shafighi's examination under oath. The parties' correspondence states that Shafighi lived in California following the fire and feared returning to Houston because he believed the man responsible for burning his house would do him harm. Shafighi asked to conduct the examination in California; this was not acceptable to Farmers. Shafighi's lawyer eventually suggested a "telephonic statement," but Farmers believed proceeding telephonically would interfere with the exchange and identification of exhibits.

Notwithstanding the parties' inability to agree on a suitable examination location, Farmers scheduled two examinations in Houston. It is unclear from the record whether Shafighi agreed to these examinations, but it is undisputed that he did not attend them. Farmers also communicated to Shafighi's lawyer that it "t[ook] exception . . . to" the untimely "proof-of-loss" form that Shafighi submitted. In a faxed letter, the insurer stated that, among other things, portions of the form were left blank and Shafighi "did not present a total amount being claimed."

Approximately six months after first contacting Shafighi for an examination, Farmers denied coverage. According to Farmers, the denial resulted from, among

2

other things, Shafighi's "[f]ailure to provide his examination under oath" and "failure to provide a timely and sufficient inventory [of losses]."

Shafighi later sued Farmers, alleging several causes of action. Farmers moved for traditional summary judgment, arguing that Shafighi's failure to participate in an examination under oath and "submit[ ] a properly completed 'Proof of Loss'"[1] constituted the failure of conditions precedent to Farmers' performance, which relieved it of the obligation to pay Shafighi's claim. Shafighi's response argued that the reasonableness of his refusal to be examined in Houston raised fact questions precluding summary judgment.

The trial court granted summary judgment in a detailed order, concluding as a matter of law that the disputed facts upon which Shafighi relied, even if true, "d[id] not amount to sufficient defense or excuse for failing to sit for an [examination]." Accordingly, the court found that Shafighi "failed to comply with a condition precedent to suit," and it granted Farmers summary judgment on that basis.

In a motion for new trial, Shafighi pointed out that even if he failed to comply with the examination-under-oath requirement, under well-established Texas law, "[t]he insurer's proper remedy to enforce the examination under oath condition precedent is abatement rather than bar" (internal quotation marks and brackets omitted). The trial court denied the new trial motion, and Shafighi appealed the grant of summary judgment.

---

[1] Shafighi argues that Farmers' summary judgment motion failed to raise his allegedly insufficient proof of loss as a basis for summary judgment. For purposes of our analysis, we assume, without deciding, that the motion sufficed to raise this ground.

**ANALYSIS**

In his first and second issues on appeal, Shafighi argues that under the policy terms, the remedy for noncompliance with the examination-under-oath requirement is abatement until he complies, not summary judgment. Because the great weight of authority construes such provisions as supporting only abatement, we agree. We also reject Farmers' argument that Shafighi's failure to urge this interpretation of the policy when initially opposing summary judgment precludes us from adopting it on appeal. Finally, with respect to Shafighi's fourth issue, we conclude that the allegedly inadequate proof-of-loss form that Shafighi submitted does not entitle Farmers to summary judgment. For these reasons, the summary judgment must be reversed, and we need not reach Shafighi's other issues.

## I. Standard of review

We review a trial court's order granting traditional summary judgment de novo. *Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). To be entitled to summary judgment, the movant must demonstrate that no genuine issues of material fact exist and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). If the movant does so, the burden shifts to the non-movant to produce evidence sufficient to raise a fact issue. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). When reviewing a summary judgment motion, we cannot read between the lines or infer from the pleadings or evidence any grounds for summary judgment other than those expressly set forth before the trial court. *Olmstead v. Napoli*, 383 S.W.3d 650, 652 (Tex. App.—Houston [14th Dist.] 2012, no pet.)

**II.    Because the policy does not bar Shafighi's recovery for failure to comply with the examination-under-oath requirement, but merely allows Farmers to abate the case until Shafighi complies, the trial court erred in granting summary judgment.**

Insurance policies are contracts, and we construe them using ordinary rules of contract interpretation. *Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 831 (Tex. 2009). Our cardinal concern is determining the parties' intent as reflected in the terms of the policy itself. *Id*. Accordingly, we give policy language its plain, ordinary meaning unless something else in the policy shows the parties intended a different, technical meaning. *Id*.

Here, the policy provides that, "as often as [Farmers] reasonably require[s]," the insured must "submit to examinations under oath." The parties agree that the policy's penalty for breach of the examination-under-oath requirement is as follows:

> No suit or action can be brought against us, our agents or our representatives unless there has been full compliance with all the terms of this policy. Action brought against us, our agents or our representatives must be started within two years and one day after the cause of action accrues.

Farmers construes this provision to mean that "failure to comply with the condition precedent of submitting to an Examination under Oath is a reasonable basis for denying an insured's claim."[2] Shafighi counters that such a provision

---

[2] Farmers points to language from two cases addressing an insurer's remedy for the insured's failure to cooperate with defending a third-party claim. *See Universal Auto. Ins. Co. v. Culberson*, 86 S.W.2d 727, 728, 731 (Tex. 1935) (insured "refused to co-operate with the company in making a full and fair defense of the action; and had colluded with [third party] in such manner as to permit the judgment to go against [insured]"); *Empl'rs Liab. Assurance Corp. v. Mosley*, 460 S.W.2d 201 (Tex. Civ. App.—Houston [14th Dist.] 1970, no writ) (fact issues surrounding whether insured cooperated with investigation precluded summary judgment in third party's suit against insurer). These cases do not support Farmers' construction because neither turned upon a "no-suit-until" or "no-suit-unless" clause like the one at issue here.

forbids the insured from bringing suit prior to compliance, but it does not permit the insurer to deny coverage altogether. He argues that the only remedy available to Farmers is abatement, which it has not yet requested.

For the better part of a century, Texas courts have interpreted similarly phrased provisions as Shafighi suggests. These provisions mean that "[i]f the insured refuses to submit to the examination . . . he only delays the time when he can recover on his policy." *Humphrey v. Nat'l Fire Ins. Co.*, 231 S.W. 750, 752 (Tex. Comm'n App. 1921, judgm't adopted). Thus, "a failure or refusal to submit to examination after loss does not bar recovery, but merely suspends the right of recovery until the examination is complied with." *Phila. Underwriters' Agency of Fire Ins. Ass'n v. Driggers*, 238 S.W. 633, 635 (Tex. 1922). Because failure to comply merely "suspends the right of recovery," the insurer's remedy is to abate the case until it obtains the required compliance, not to deny coverage entirely.[3] *See id.*; *see also In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 565 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("An insurer's remedy to enforce a condition precedent in its policy is abatement of the case.").

In *Humphrey*, for example, the policy provided: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, [including examination under oath,] nor unless commenced within two years next after the fire." 231 S.W. at 752 (internal quotation marks omitted). The commission of appeals interpreted this provision to make examination a condition precedent to bringing suit. *See id*. Thus, the effect of failure to comply

---

[3] We note that abatement to comply with a condition precedent does not permit a matter to linger on the docket forever. To the contrary, "it is well-settled law that, if a trial court discovers that the plaintiff has failed to correct a defect or impediment to suit after an abatement has been granted, the trial court may properly dismiss the plaintiff's case." *3V, Inc. v. JTS Enterprises, Inc.*, 40 S.W.3d 533, 540 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

was "not to forfeit or avoid the policy and bar recovery on it, but to suspend the right of payment or recovery until the answers are given in compliance with the condition." *Id.* Failure to comply with the provision therefore supported "a plea in abatement, rather than one in bar." *Id.*

We have given the same effect to policies providing that "'[n]o suit or action on this policy for the recovery of any claim shall be sustainable . . . unless all the requirements of this policy shall have been complied with.'" *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d at 559, 564–65 (discussing appraisal provision). Other courts of appeals that have interpreted identical or substantially similar language agree. *State Farm Gen. Ins. Co. v. Lawlis*, 773 S.W.2d 948, 949 (Tex. App.— Beaumont 1989, no writ) (identical language); *In re Cypress Tex. Lloyds*, No. 13-11-00248-CV, 2011 WL 3631314, at \*10–\*11 (Tex. App.—Corpus Christi Aug. 15, 2011, orig. proceding) (mem. op.) (phrase "'[n]o suit or action can be brought unless the policy provisions have been complied with'" meant "the remedy [for noncompliance with examination provision] is abatement of the case"). Federal district courts applying Texas law are also in accord. *See, e.g.*, *Brown v. State Farm Lloyds*, No. V-10-63, 2012 WL 1077668, at \*3–\*4 (S.D. Tex. Mar. 29, 2012); *Rossco Holdings, Inc. v. Lexington Ins. Co.*, No. H-09-CV-04047, 2011 WL 1363799, at \*4 (S.D. Tex. Apr. 11, 2011) ("[I]t is well-settled law in Texas that abatement rather than exclusion or barring of a claim is the insurer's appropriate remedy for enforcement of an insured's conditions precedent to coverage.").

Farmers attempts to distinguish some of the above-cited cases, but it does not argue that the terms of this policy differ materially from the terms construed in those cases. Nor does it argue that abatement would be futile, a circumstance in which some authorities have rejected abatement as a remedy in other contexts. *Cf. Hubenak v. San Jacinto Gas Transmission Co.*, 141 S.W.3d 172, 197 (Tex. 2004)

(Jefferson, J., concurring) (arguing that abatement was improper remedy when evidence established that it would accomplish nothing). Accordingly, we adhere to the well-established interpretation that failure to comply with such policy terms supports only an abatement.

For these reasons, we decline Farmers' invitation to follow *Perrotta v. Farmers Insurance Exchange*, 47 S.W.3d 569 (Tex. App.—Houston [1st Dist.] 2001, no pet.). In that case, an insured completed an examination under oath, but his failure to sign and swear to it violated policy provisions. *Id.* at 574. The court held that the insured's "breach of the policy precludes him from maintaining suit for breach of contract" and affirmed the grant of summary judgment for the insurer. *Id.* at 574–75.

*Perrotta* makes no mention of a "no-suit-until" or "no-suit-unless" provision like the ones discussed above. Perhaps the policy in *Perrotta* contained no such provision, or perhaps there was such a provision, but the court and the parties overlooked it. Whatever the reason, *Perrotta* did not address the policy language that controls our analysis here, so it does not support Farmers' position. The policy at issue here only entitles Farmers to an abatement, and the trial court erred by granting it summary judgment based on Shafighi's failure to comply with the examination-under-oath requirement.

## III. Shafighi's failure to request abatement when opposing summary judgment below does not waive this construction of the policy.

Farmers also contends that Shafighi waived the construction of the policy we adopt above by failing to argue for it when opposing summary judgment in the trial court. We disagree.

Although the "answer or response [to a summary judgment] motion must fairly apprise the movant and the court of the issues the non-movant contends

8

should defeat the motion," this rule does not "shift[ ] the burden of proof that exists in summary judgment proceedings." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). To the contrary, even if the non-movant fails to respond altogether, the movant must establish an entitlement to summary judgment as a matter of law. *Id.* In this way, "[s]ummary judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right." *Id.*

Here, the insurer moved for summary judgment based on the policy's examination-under-oath provision, which it contended excused its performance because Shafighi never submitted to an examination. As just discussed, however, Shafighi's alleged noncompliance did not excuse the insurer's performance entirely, but only prevented Shafighi from maintaining a lawsuit until he complied. Thus, the policy terms upon which Farmers relied for summary judgment only entitle it to an abatement. Shafighi's failure to identify this fact initially does not alter the contract's terms or otherwise supply the summary judgment proof lacking from Farmers' motion. *See Gary E. Patterson & Assocs. v. Holub*, 264 S.W.3d 180, 195 n.6 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (failure to assert particular statutory construction in summary judgment response did not bar construction on appeal).

Because Farmers never met its summary judgment burden, the burden never shifted to Shafighi and he was not required to explain the correct policy construction. *See City of Houston*, 589 S.W.2d at 678. We therefore reject Farmers' argument that Shafighi's failure to argue initially for a correct construction of the insurance policy precludes us from correctly construing it on appeal. Because the correct construction shows that Farmers is not entitled to

9

summary judgment based on Shafighi's failure to comply with the examination requirement, we sustain Shafighi's first and second issues, reverse the summary judgment, and remand for further proceedings.[4]

## IV. Shafighi's allegedly insufficient proof-of-loss statement does not entitle Farmers to summary judgment.

Turning to Shafighi's fourth issue, although Farmers arguably raised Shafighi's failure to provide a "sufficient" proof of loss as one of the grounds in its summary judgment motion, the trial court specified the basis for its decision and did not rule on this ground. As a result, although we may address this ground on appeal, we are not required to do so. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996). Having decided to remand the case, however, we will address this ground in the interest of judicial economy. *See id.*

Based upon our review of the record, it appears that Farmers did not file the proof-of-loss form it believes to be insufficient as part of its summary judgment evidence. The only evidence of the form's alleged inadequacy is an unsworn fax from Farmers' lawyer to Shafighi's lawyer describing why Farmers "t[ook] exception" to certain parts of the proof of loss. Farmers' lawyer filed a sworn affidavit stating that he wrote the fax, but he did not swear to the truth of its contents. Farmers appears to argue that this proof established its entitlement to judgment as a matter of law.[5]

---

[4] Given this disposition, it is not necessary for us to reach Shafighi's third issue, in which he argues that a fact question regarding whether Farmers' terms for the examination were reasonable precludes summary judgment. We express no opinion on that issue. We also do not reach Shafighi's fifth issue, in which he argues that at minimum, summary judgment was improper on certain claims that he contends are independent of the parties' contractual obligations.

[5] Farmers also argues that Shafighi may not oppose this summary judgment ground because his summary judgment response in the trial court failed to address it. We disagree for the reasons discussed in the previous section.

Even if we assume, without deciding, that Shafighi submitted an inadequate proof of loss, the proof-of-loss "duty" appears in the same contract section as the examination-under-oath "duty." As discussed above, the policy provides that the consequence of breaching either duty is that Shafighi cannot bring suit until he complies. Therefore, even assuming that Shafighi failed to comply, Farmers' remedy is not summary judgment but abatement. *In re Cont'l Cas. Co.*, 14-10-00709-CV, 2010 WL 3703664, at *5 (Tex. App.—Houston [14th Dist.] Sept. 23, 2010, orig. proceeding) (mem. op.) (where "[t]he insurance policy . . . provides that all requirements precedent to coverage must be met before suit is filed," "insurer's remedy to enforce a condition precedent in its policy is abatement of the case"). We therefore reject Farmers' argument that flaws in Shafighi's proof-of-loss form can support summary judgment.

## CONCLUSION

For these reasons, the trial court erred in granting Farmers summary judgment. We therefore reverse and remand for further proceedings.


/s/     J. Brett Busby
         Justice



Panel consists of Chief Justice Hedges and Justices Brown and Busby.

11